## PHILLIPS *v.* MURPHY.

.A book purporting to contain the statutes of another State, not authenticated according to the act of Congress of 26 May, 1790, is inadmissible to prove a statute of that State. But the printed statutes of a State produced from the office of the Secretary of State .of this State, and proved to have been received by the executive of this State from the

PHILLIPS
v.
MURPHY.

executive authority of the State whose laws they purport to be, will be received as *primâ facie* evidence of the statutes contained in it.

Parol evidence is inadmissible to prove a foreign statute.

APPEAL from the Fourth District Court of New Orleans, *Strawbridge, J.* *Elmore* and *W. W. King*, for the plaintiff. *Budd* and *Redmond*, for the appellant. The judgment of the court was pronounced by

SLIDELL, J. The only point presented in this case which requires discussion, arises from the rejection of certain evidence offered by the defendant. To prove that by the statute law of Alabama the contract of suretyship must be in writing, the defendant produced a printed book, entitled Clay's Alabama Digest, and offered to prove by a witness, as a foundation for the introduction of said book in evidence, that said work was read in the courts of Alabama as correctly exhibiting the statutes of that State, and also offered to prove by said witness that, by a statute of that State, parol proof could not be offered to prove a suretyship.

The court below did not err in rejecting the evidence. The book purporting to contain the statutes of Alabama was not authenticated according to the act of Congress, and parol evidence of a foreign statute was inadmissible. See *Minor's Heirs* v. *Harding*, 4 La. 381.

It is perhaps to be regretted that, all the courts of the Union have not adopted the more liberal rule which has been recognised in some of them, and which has received the sanction of the Supreme Court of the United States. Considering the connection, intercourse, and constitutional ties which bind the States together, as requiring a relaxation of the strict rule, it has been held, says Mr. Greenleaf, that a printed volume, purporting on the face of it to contain the laws of a sister State, is admissible as *primâ facie* evidence to prove the statute laws of that State; but the practice in this State, as in some others, for example, Connecticut and New York has been the other way, and we do not feel authorised to disturb it.

In these remarks we wish it to be distinctly understood, that we do not disturb the practice which has grown up of admitting as *primâ facie* evidence the printed statutes from other States, when produced from the office of the Secretary of State of this State, and proved to have been received in the course of executive intercommunication. That practice was recognised many years since, in *Wakeman* v. *Marquand*, 5 Mart. N. S. 271, and has been frequently followed since that time in the lower courts. But in our experience at the bar we recollect no instance, where the rule of evidence, upon objection made, has been carried as far as is contended for by the defendant in the present case.

With regard to the value of plaintiff's professional services, and the promise of the defendant that they should be paid, we find no error in the judgment of the court below. *Judgment affirmed.*