# TUCKER *vs.* THE STATE.

1. Under an indictment for selling spirituous liquors to a free person of color, the State may prove the *status* of the person to whom the liquor was sold by evidence of hearsay and general reputation.

APPEAL from the Circuit Court of Greene.

Tried before the Hon. TURNER REAVIS.

THE appellant, John C. Tucker, was indicted for selling spirituous liquors to " one Dade Massey, a free person of color." On the trial, as appears from the bill of exceptions, " several witnesses were introduced, who stated, that they had known said Dade for a long time ; that he had acted and been recognized as a free man, residing in the State of Alabama for more than twenty years, and in Greene County two years ; that, from hearsay and general reputation, they had always considered him a free person ; that they did not know that he was born free, or descended from free parents, or whether he was manumitted ; but that all they knew of his being free was, from hearsay or general reputation, and from his acts and his being recognized as free." The defendant objected to this evidence, but his objection was overruled, and he excepted.

WM. F. & J. G. PIERCE, for the apppellant :

A person of color in this State is presumed to be a slave.— Field v. Milly Walker, 17 Ala. R. 80. And this decision is supported by the various statutes regulating the manner of emancipation. The rule is universal, equally applicable to criminal and civil cases, that the best evidence the nature of the case admits of must be adduced.—2 Mason 464 ; 6 Peters 352 ; 14 Peters 431; Ala. Rep. Evidence of hearsay and general reputation is only admissible as to pedigree, but not to establish freedom.—Davis *et al.* v. Woods, 1 Wheat. 6, and cases there cited ; 5 Ala. R. 361 ; 11 Ala. R. 720. The best and only evidence of the freedom of a colored person, in this State, is, a certificate, deed or will of manumission, or proof of

descent from free parents; the latter of which cannot be resorted to, until the impossibility of obtaining the former is accounted for by the State.—5 Ala. R. 357. Such testimony, clearly, would not be allowed under a petition for freedom, for the purpose of establishing freedom, or even the freedom of one's ancestors.—1 Wheat. 6. Much stronger the rule, then, when applied to cases arising under penal statutes, where the strictest proof is required. In the construction of penal statutes, we are not allowed to conjecture what may have been the intention of their framers : they must, in all cases, be strictly construed.

M. A. BALDWIN, Attorney General, *contra :*

Although hearsay or general reputation is sufficient to prove pedigree, yet the authorities are conflicting, as to whether it is admissible, in a suit for freedom, to prove the *status* of a party. 7 Cranch 295 ; 1 Wash. 123; 4 Rand. 621; 2 Wash. 64; 1 Hen. &. Mun. 388. But in a collateral issue of this sort, the State should not be held to as strict and direct proof, as in a suit for freedom ; hearsay should be admitted from necessity ; it is the highest evidence of which the nature of the case admits. In most cases, it would be impossible to adduce any other kind of testimony ; no documentary evidence, perhaps, may exist ; the person may have been born in a distant country.

But the circumstance that the boy Dade had enjoyed freedom for twenty years, and had been recognized as such among his neighbors, is, of itself, sufficient evidence of his freedom.—The State v. McDonald and Armstrong, Coxe's (N. J.) R. 332; Naylor v. Hays, 7 B. Mon. 478. He was proven to be a person of color ; a person of color is an admixture of the white and black races, and is generally called a mulatto.—The State v. Davis, *et al.*, 2 Bailey's (S. C.) R. 558. Although there is a presumption of slavery arising from a black color, yet there is none arising from a mulatto color.—Scott v. Williams, 1 Dev. 376.

CHILTON, C. J.—The only question presented by the record in this case is, whether upon an indictment for vending spirituous liquors to a free person of color, under the statute, it is competent for the State to prove the *status* of the person to

whom it was sold by showing that he was a man of color, and for more than twenty years had acted and been esteemed in the community as a free person; and that according to hearsay and general reputation he was a free person of color.

We are not called upon to express any opinion as to whether, in a direct proceeding for freedom, hearsay or general reputation could be properly received: that is not the case before us. The inquiry as to the condition of the party to whom the spirituous liquors were sold, arises collaterally, and does not call for the same strictness of proof, perhaps, as if the question of freedom were directly involved.

We agree with Mr. Attorney General, that, from the necessity of the case, hearsay evidence or reputation as to the *status* of the party must be received in prosecutions of this kind; for, in most cases, it would be impossible to adduce other evidence. If the State must send out in search of documentary evidence of manumission, or is required to trace the genealogy of the party, who may have been born in a distant country, it is manifest that the statute alleged to have been violated would, in a great measure, be rendered nugatory.

The proof shows, *prima facie*, that the person to whom the spirituous liquors were sold, was a free person of color: he was generally reported to be such—had acted and been recognized as such for more than twenty years in the community, and the selling of liquors to him fell ostensibly within the mischief intended to be remedied by the statute.—7 B. Monroe, 478. Neither do we see any injustice or hardship, which can result to defendants from the practical operation of the rule we have laid down; for if they sell spirituous liquors to colored persons, they must be aware that they either sell to slaves, and thereby commit a much higher offence than the one now under consideration, or that they sell to free persons of color.

The court is of opinion that the proof was properly admitted, and the judgment of conviction must be affirmed.