## CORLEY vs. THE STATE.

[INDICTMENT FOR TRADING WITH SLAVE WITHOUT MASTER'S CONSENT.]

1. *Ownership of slave how proved.*—The ownership of a slave, when alleged in an indictment, cannot be proved by general reputation.

2. *Charge upon credibility and sufficiency of evidence held erroneous.*—Where a witness for the prosecution is impeached by proof of his contradictory declarations on a material point, it is error to instruct the jury, "that they must believe the witness for the State, unless they believe that the contradicting witness is entitled to more weight and credit than said witness for the State." Such a charge invades the province of the jury, who are the sole judges of the credibility and degree of credit to be accorded to each witness; and it is also objectionable, because the contradicting evidence, though less credible than the testimony of the witness for the State, may yet be sufficient to raise a reasonable doubt in the minds of the jury, and thus secure the defendant's acquittal.

FROM the Circuit Court of Bibb.

Tried before the Hon. GEO. D. SHORTRIDGE.

INDICTMENT against Martha Corley, for trading with a slave, named Nat, alleged to be the property of one David Ward, without the consent of the master, owner, or overseer of said slave, verbally or in writing, expressing the article permitted to be sold, &c. The defendant excepted to the rulings of the court on the trial, which are thus stated in the bill of exceptions : "The solicitor, on the part of the State, proposed to prove, by general reputation, that the slave named in the indictment belonged to David Ward; to which the defendant objected, on the ground that such evidence was mere hearsay, and therefore illegal. The court overruled the objection, and permitted the witness for the State to tes-

tify that said slave was generally reputed to belong to David Ward ; to which ruling of the court the defendant excepted. Another witness for the State testified, that he had seen the slave in the possession of David Ward. Upon examination of the first witness for the State by the defendant, he denied that he had made to defendant certain declarations which were material to the cause ; and the predicate was duly laid, as to time, place, and declarations, in order to contradict said witness. The defendant then introduced a witness, who testified that said witness for the State did make the said declarations to defendant at the time and place named, and thus contradicted said witness for the State in a material matter. Upon this evidence the court charged the jury, that they must believe the evidence of the witness for the State, unless they believed that the contradicting witness was entitled to more weight and credit than said witness for the State ; to which charge the defendant excepted."

No errors are assigned on the record.

WM. M. BROOKS, for the appellant, contended,—

1. That the ownership of a slave, being susceptible of direct and positive proof, cannot be proved by hearsay.

2. That the charge of the court was erroneous, because it invaded the province of the jury, and because it authorized them to find the defendant guilty, even though they should entertain a reasonable doubt of his guilt.—Moore v. The State, 12 Ala. 765 ; Murphy v. The State, 6 *ib.* 845.

M. A. BALDWIN, Attorney General, *contra,* insisted,—

1. That proof of Ward's possession of the slave was sufficient to raise the presumption of ownership.—Jones v. The State, 13 Ala. 156 ; Walker v. Lauderdale, 17 *ib.* 359 ; Boltze v. The State, 24 *ib.* 90.

2. That ownership may be proved by general reputation, in such a case as this, from the necessity of the case.—Tucker v. The State, 24 Ala. 79.

3. That the testimony of the witness for the State, so long as he was unimpeached, should be taken as true ; and that this, in effect, was the substance of the charge.—Lindsey v. Perry, 1 Ala. 203.

STONE, J.—It is a general rule of law, that facts only can be given in evidence to the jury.—1 Greenleaf's Ev. §§ 98, 99, 100. This rule has its exceptions, but the ownership of property is not one of them. Whenever the pleadings present that issue, like all other facts it must be established by the best evidence which the nature of the question admits of. In the very nature of things, it is susceptible of better proof than general reputation.—*Ib.* § 82.

We are referred to the case of Tucker v. The State, 24 Ala. 77. Tucker was indicted for selling spirituous liquors to a free person of color. The question was not one of description, but one of *status ;* and on that ground, this court held the evidence admissible. · On this point it is sufficient to say that the questions are dissimilar.

In the charge to the jury, the primary court also mistook the law. The jury, in determining the facts of a case, are, of necessity, the sole judges alike of the credibility and the degree of credit to be accorded to each witness. True, the books on evidence lay down certain rules to aid juries in weighing evidence ; but none of them justifies the decision made in this case. In our opinion, the charge invaded the province of the jury, and was calculated to mislead them. Brown v. The Mayor of Mobile, 23 Ala. 722 ; Moore v. The State, 12 Ala. 764.

It is argued for the appellant, that the charge under consideration is in conflict with that principle of the criminal law which defines the measure of proof necessary to conviction. In one aspect, it is so.' The contradicting evidence may have been less credible than the testimony for the prosecution, and yet created a reasonable doubt in the minds of the jury, and thus secured the acquittal of the accused.

The judgment of the circuit court is reversed, and the cause remanded.