JOHN V. A. HOES, Appellant, *v.* ABRAM J. VAN ALSTYNE *et al.*, Executors, etc., Appellees.

APPEAL FROM LA SALLE.

When the representatives of a deceased party are substituted in his stead, the declaration need not be amended by the insertion of their names.

The statutes of a foreign state cannot be proved by parol. But the construction given to such statutes by the tribunals where they are in force, may be given in evidence by witnesses learned in such laws.

THIS was an action of assumpsit commenced by Isaac Van Alstyne during his lifetime, against the defendant. During the pendency of the suit the plaintiff died, and his death was suggested, and the executors of the will were substituted as plaintiffs. No amendment of the declaration was made, nor was there any new declaration filed. The declaration was filed in the name of Isaac Van Alstyne during his lifetime.

The trial was before the court, HOLLISTER, Judge, without a jury, at June term, 1857, on the declaration and plea of the general issue.

The only evidence was the note and the indorsement of payments, and the evidence of Joseph O. Glover, who testified, that he resided in the State of New York prior to the year 1835, and that when he left there to move to this State, and which was in 1835, the rate of interest according to the statute of New York, where no rate of interest was mentioned in a note, was seven per cent. per annum.

14

And the evidence of Washington Bushnell, who testified, that he was an attorney at law, and that he was acquainted with the statute law of New York; that by the said statute law of New York, in 1835 and also in 1846, where no rate was mentioned in a note, it was seven per cent. per annum.

To the competency of this evidence, in relation to the rate of interest, the defendant objected. The court overruled the objection and admitted the evidence; the court allowed interest on the note at the rate of seven per cent per annum.

Leland & Leland, for Appellant.

W. H. L. Wallace, for Appellees.

Caton, C. J. This declaration was in assumpsit. During the pendency of the action, the plaintiff died, and his representatives were made parties, under our statute, but the declaration was not amended by inserting their names as plaintiffs. The cause was tried upon the general issue, which was found for the plaintiffs, and it is now assigned for error, that their names were not inserted in the declaration. It has not been the practice, under our statute, where the representatives of a deceased party are made parties, to amend the declaration by the insertion of their names, nor do we think it required by the statute. Whether the other course would not have been the better practice at the beginning, it is unnecessary now to say; but we think the statute will fairly bear a construction conformable to the practice, and after that has been so long and uniformly acted upon and acquiesced in by the courts and the bar, we ought not to hunt up ingenious pretexts for overturning it. We cannot reverse this judgment for this cause.

The other error assigned, however, must be sustained. That is, that the court allowed the statute of a foreign State to be proved by parol. We have looked into the cases on this subject, and find two decisions tending to sustain the decision of the court below. One was recently decided in England, and by a divided court; and the other is in Vermont, where it is said, the court may take notice of a foreign written law. In the first of these, Lord Campbell certainly sustains his position by strong reasons. Those reasons, however, tend to show that we may learn by parol what is the true meaning or construction of a foreign statute, as settled by the practice or courts of the foreign country, rather than to show how the foreign law is written. The first may undoubtedly be done, and courts have uniformly taken notice of the construction given to foreign statutes by the foreign tribunals; and to enable them to do this,

they have always been in the habit of looking to the reports of such tribunals. Whatever the court may take notice of, or may learn from reported decisions, it may also be informed of by the testimony of witnesses learned in the foreign law. But we everywhere meet with decisions, both in this country and in England, that a foreign statute must be proved as any other fact, and by the best evidence of which the nature of the case will admit, unless this rule is changed or modified by a domestic statute. We have such a statute here, which dispenses with an authenticated or sworn copy of the foreign law, and allowing the printed statutes of a foreign country to be used in our courts as evidence of the foreign law. We do not think it necessary to consume time by entering into a review of the cases in support of the view of the law as we understand it, but will content ourselves by citing the cases referred to in the brief of the appellant's counsel:

*Compant* v. *Jurnegan*, 5 Blackf. R. 375; *Kenny* v. *Clarkson et al.*, 1 John. R. 385; *Consequa* v. *Willings et al.*, 1 Peters' C. C. R. 225; *Lincoln* v. *Battelle*, 6 Wend. R. 475; *Hall* v. *Heightman*, 4 Esp. R. 75; *Clegg* v. *Levy*, 3 Camp. R. 166; *Bochtlink* v. *Schneider*, 3 Esp. R. 58; *Dyer* v. *Smith*, 12 Conn. R. 384.

The judgment of the County Court must be reversed, and the cause remanded.

*Judgment reversed.*