The action was brought by plaintiff for the possession of the land described in the complaint, returnable to August Term, of said court, *Page 319 
1887. At the November Term, 1887, Judge Gilmer granted judgment for plaintiff for possession of the said land, to be stricken out if defendant filed a justified bond in the sum of two hundred dollars within thirty days from the adjournment. That the defendant failed to file in thirty days the justified bond required in the judgment, but within thirty days, and without notice to plaintiff, did file with the clerk an affidavit that affiant was unable to give the justified bond required, and also unable to make the deposit, and also, at the same time, R. L. Haymore, defendant's attorney, filed with the clerk the certificate required by statute, and upon producing the affidavit and certificate, the clerk made an order allowing defendant to defend the suit without bond.
After the expiration of the thirty days, to wit, on 13 February, 1888, the defendant having failed to file the justified bond as required, the clerk issued a writ of possession, and delivered the same to the sheriff, and same was duly executed 16 February, 1888, by M. L. Patterson, a regular deputy sheriff, by putting defendant out and (412) plaintiff in possession of the said land. That defendant, after due notice to plaintiff, moved his Honor, Walter Clark, Judge, at the Spring Term of said court, to set aside said writ of possession, on the ground that the same was illegally issued, and for an order of restitution. That said motion was allowed, and the judge assigned the following grounds:
"First. That the judgment of Judge Gilmer contained a condition, and was therefore void.
"Secondly. That the clerk was legally authorized to make the order he did, allowing the defendant to defend the suit without bond, and that the writ of possession, issued after such order, was without legal authority, and therefore void."
And rendered judgment setting aside the writ of possession and ordering a writ of restitution.
From this judgment plaintiff appealed.
We are aware that it has not been unusual to render judgments like the one in question, but as they have generally been granted as an indulgence to defendants, and acquiesced in by them, their validity has never been directly determined by this Court. "At law a judgment is yea or nay, for one party and against the other." Freeman on Judgments, 2. And a court cannot delegate its judicial functions to its clerk, so that he may set aside a judgment upon the performance of a *Page 320 
condition. Alternative or conditional judgments at law are void in civil as well as in criminal cases. S. v. Bennett, 4 D. B., 43; S. v. Perkins,82 N.C. 681.
No error. Affirmed.
Cited: In re Deaton, 105 N.C. 61; Henning v. Warner,109 N.C. 408; S. v. Hatley, 110 N.C. 524; Hopkins v. Bowers, 111 N.C. 180;Fertilizer Co. v. Taylor, 112 N.C. 152; Hinton v. Ins., Co., 116 N.C. 25;S. v. Wynne, ibid., 986; Nimocks v. Pope, 117 N.C. 319.
(413)