JOHN HOPKINS et al. v. ELIZA BOWERS et al.

*Evidence—Marriage—Trial—Demurrer—Judgment, Conditional.*

1. Upon the trial of an issue involving the validity of a marriage, it was not error to admit evidence that the wife was reputed to be of mixed blood within the prohibited degrees, or to permit the witness to state his opinion on that point, although not an expert. It was also competent in corroboration of other evidence tending to prove the taint of blood, to show that the wife usually associated with colored people.

2. If a party demurs to the evidence introduced by his adversary, he admits the truth of it with such inferences as may be reasonably drawn therefrom.

3. An alleged widow who. is a party to an action by the heirs at law of the husband is not competent to prove the fact of the marriage, or that she lived with him as man and wife, when the marriage is in issue.

4. When the Judge signed a judgment, but directed the Clerk to strike it out if a bond was filed within five days: *Held*, the condition was invalid, and the judgment was regular and would be enforced.

CIVIL ACTION, tried at August Term, 1892, of ORANGE Superior Court, *Connor, J.,* presiding.

The action was brought to recover a tract of land. Both parties claimed under Nash Booth, the plaintiffs as the heirs at law of their mother, a sister of Booth, and the defendants as his children and heirs at law. The case turned upon the validity of the marriage of Nash Booth with Anne Booth, the mother of the defendants, who was alleged to have been of mixed blood within the prohibited degree, Booth being a white man. Much testimony was offered by both parties on this point. The defendant introduced a certified copy of the records of Wake County, showing a license for the marriage, and the certificate thereof of the solemnization of the marriage rite by a person duly qualified, and proposed to show by the testimony of the alleged wife that the ceremony was

in fact performed, and that she lived with her reputed hus band as his wife. This testimony of the wife was, upon objection, excluded and defendants excepted.

The plaintiffs, against the objection of defendants, were allowed to introduce evidence of persons who swore that they knew Anne; that, in their opinion, she was mixed blood; that she was so reputed to be, and that she usually associated with colored people.

After verdict the defendant moved the Court to set it aside for that it was against the weight of the evidence. After much consideration, and just as the Court was about to adjourn on Saturday, the defendants' counsel, in reply to an inquiry, stated to the Court, that the defendants were defend ing without having filed any bond, having complied with the law in that respect, but if the Court would grant them a new trial, they would file a bond with security for all of the cost that might accrue from that time, and for such rents as might be found due upon a final hearing. The Court stated that while it was not prepared to say that the verdict was against the weight of the evidence, yet the cause was a great hardship against the defendants, and the counsel expressed so much confidence in his ability to show that the defendants were entitled to a verdict, and as no great harm could come from giving them another chance, and feeling that possibly injustice had been done the infant defendants, consented to set the verdict aside, upon condition that the bond was filed within five days. The plaintiffs' counsel were present during the discussion of the matter, and objecting to any interference with the verdict. The Judge signed the judgment and handed it to the Clerk, directing that it be held by him and not filed for five days, and if the bond was filed as above set forth, the Clerk should enter the order setting aside the verdict, otherwise the judgment would be filed. To this suggestion of the Judge, the counsel for the plaintiffs made no response—neither assented to nor

dissented from the manner of procedure. The Judge handed the judgment to the Clerk with the direction as above set forth, and the Court adjourned for the term. On Monday following the adjournment, the plaintiffs' counsel notified the counsel for defendants that he would insist upon the judgment signed and that it must be recorded by the Clerk, and no new trial could be granted by him as the Court could not delegate its judicial functions to the Clerk so that he may set aside a judgment upon the performance of a condition, and that this notice was given in time so that there might be no misunderstanding, and the defendants' counsel might appeal if he desired so to do. On the 18th of August notice of appeal was received by counsel for plaintiffs, and on the 22d of August case on appeal was served on plaintiffs' counsel. On the 16th day of August, being less than five days after Court adjourned, the defendants' counsel filed the bonds as directed by the Court, and requested the Clerk to make the entries, which he declined to do.

The other facts necessary to an understanding of the opinion will be found therein.

There was a verdict for plaintiffs, and from a judgment thereon defendants appealed.

*Mr. J. W. Graham*, for plaintiffs.
*Mr. C. D. Turner*, for defendants.

CLARK, J.: The issues as submitted were sufficient, and there is no ground to support the exception for refusing to submit those tendered by the appellants. *Humphrey* v. *Church*, 109 N. C., 132, and cases there cited.

The plaintiff rested his case upon the invalidity *ab initio* of the alleged marriage between Nash Booth and Anne Bowers (or Booth), one of the defendants, under the provisions of *The Code*, §§ 1084, 1284 and 1810; Const., Art. 14, § 8.

We see, therefore, no force in the first exception, which was to the witness testifying that Anne Booth was a colored person and reputed to be such. *State* v. *Patrick*, 51 N. C., 308. Nor to the second exception, which was to the testimony of the witness who knew her and had had opportunities of observation, that in his opinion said Anne was of mixed blood. It was not necessary that the witness should be an expert to testify to a matter which is simply one of common observation. It has been held in the leading case of *Clary* v. *Clary*, 24 N. C., 78 (which has been repeatedly approved), and upon the same grounds that one not an expert can give his opinion as to the sanity or insanity of a person he has had opportunities of observing. Besides, the witness really qualified himself as an expert. *State* v. *Jacobs*, 51 N. C, 284.

The counsel, in his argument here, objected to the expressions " colored person " and " mixed blood," and cited *State* v. *Chavers*, 50 N. C., 11. While those terms might not be accurate in an indictment, it does not appear that any objection to the evidence on that ground was interposed below so as to give the witness opportunity to correct his language, and we must assume the jury understood the words in their usual signification.

When the defendants demurred to the evidence, the ruling of his Honor that thereby the defendants admitted the truth of the testimony, together with such inferences favorable to the plaintiffs as could be reasonably drawn therefrom, was unquestionably correct *Bond* v. *Wool*, 107 N. C., 139; *Nelson* v. *Whitfield*, 82 N. C., 46. Instead of having ground for exception, the defendants are indebted to the favor of the Court that they were allowed to withdraw the demurrer. The exception, if any, should have come from the other side.

The fourth exception is also without merit. There was much testimony tending to show that Anne Booth was a colored woman. It was certainly competent, therefore, to

put in evidence, as a circumstance in corroboration, to be weighed by the jury, that she usually associated with colored people. Juries are peculiarly fitted to give the proper weight to such evidence in accordance with the social customs prevailing around them and which are matters of common observation.

Nor is there any merit in the 5th, 6th, 7th, 8th and 9th exceptions, which have already been passed upon in the former appeal. *Hopkins* v. *Bowers*, 108 N. C., 298. The Court, under *The Code*, § 590, properly ruled out the evidence sought to be elicited of Anne Booth to show marriage between her and Nash Booth. She was a party to the action and interested in the result, for both plaintiffs and defendants claimed under Nash Booth. If marriage is not a personal transaction between the contracting parties, what is it? We are unable to accept the view of the defendant's counsel that it is solely the act of the officiating minister or Justice of the Peace. The rejection of the evidence did not prejudiced the defendants, as the marriage certificate was in proof, and the presumption arising was unrebutted as to the act.

Neither is there any merit in the tenth exception, and for the reason given by the Court below. *The Code*, § 1360; *Kerchner* v. *Reiley*, 72 N. C., 171; *Katzenstein* v. *Railroad*, 78 N. C., 286; besides, the matter was *res judicata*, *Roulhac* v. *Brown*, 87 N. C., 1. The prayers for instructions, so far as they were correct, were substantially given in the charge. The Court properly refused to give as a charge the rule formerly prevailing in equity courts. *Ferrall* v. *Broadway*, 95 N. C., 551. The "broadside challenge" to the "charge as given," has been held invalid in *McKinnon* v. *Morrison*, 104 N. C., 354, and in the twenty-odd cases since, in which it has been cited and approved, besides in the numerous prior opinions cited in that case.

The judgment upon the verdict in favor of the plaintiffs was signed by the Court, and contains no condition. The

Judge made a verbal conditional order to the Clerk in favor of appellants to set aside the judgment and verdict if a bond was filed in five days. This was conditional and of no effect. *Strickland* v. *Cox,* 102 N. C., 411, cited and approved in *In re Deaton,* 105 N. C., 59, and had it been acted on, the present appellee would have had ground to complain. The Judge could not thus delegate his authority to the Clerk. We are at a loss to understand how the invalid order in favor of the defendants could impeach the valid judgment in favor of the plaintiffs. In *Strickland* v. *Cox, supra,* the judgment signed in favor of the plaintiffs was conditional " to be stricken out if," etc., and hence invalid. Here, it is the order setting aside the verdict and judgment "if bond is filed," which is conditional, and hence void. The direction not to docket pending the conditional order was simply a nullity. *The Code,* § 435. The Court did not set aside the verdict and judgment, and distinctly stated that it could not say that the verdict was against the weight of the evidence. The sympathy evinced by his Honor for the infant defendants was creditable to his sensibilities, but the practice attempted by him has been often ruled invalid, and could only result in adding to the complications of the litigation, with benefit to no one.

No Error.