# Crane v. The State.

*Indictment for Burglary.*

1. *Burglary; inadmissible evidence as to identity of goods stolen.*—On a trial under an indictment charging burglary of a storehouse, evidence that the owner of the store burglarized showed to certain persons, who were going to search defendant's house for the stolen property, samples of goods taken from the storehouse, and that said persons found in the defendant's house goods which corresponded to the samples shown them, is illegal, irrelevant and inadmissible.

2. *Same; when charge as to conspiracy erroneous.*—Where, on a trial for burglary there is an entire absence of evidence tending to show a

[Crane v. The State.]

conspiracy between the defendant and other parties to commit the alleged burglary, a charge to the jury, which hypothesizes the existence of such a conspiracy is erroneous, and should not be given.

3. *Charge upon the evidence; invasive of the province of the jury.*—A charge which instructs the jury that "In considering the evidence, it is the duty of the jury to weigh and construe all the evidence so as to make all the witnesses speak the truth; but, if there be an irreconcilable conflict of the testimony, then it becomes the duty of the jury to give credit to those witnesses, who had the best means of knowing about the facts of which they testified," is erroneous and properly refused as being invasive of the province of the jury, and further because it does not hypothesize the equal credibility of the witnesses having equal means of knowledge.

4. *Same; same.*—On the trial of a criminal case, a charge is properly refused, which instructs the jury that "It is the duty of the jury to believe all the testimony; but if there is such a conflict in the testimony as to leave a reasonable doubt in the minds of the jury as to the guilt or innocence of the defendant, then they must acquit."

5. *Charge of court to jury; reasonable doubt as to innocence.*—On the trial of a criminal case, a charge which instructs the jury that "There may be a reasonable doubt in the minds of the jury as to the innocence of defendant, and if such is the case, the jury must acquit the defendant," is erroneous, in that it assumes as a fact that there may be a reasonable doubt in the minds of the jury as to defendant's innocence, and further because it is misleading in that a reasonable doubt of innocence is not the same thing as a reasonable doubt of guilt.

6. *Same; should be given when it hypothesizes all the material allegations of the indictment.*—A charge requested in a criminal case, which hypothesizes as necessary to be shown beyond a reasonable doubt all the material allegations of the indictment, is a proper charge and should be given.

APPEAL from the Circuit Court of St. Clair.

Tried before the Hon. GEORGE E. BREWER.

The appellant was indicted, tried and convicted for the burglary of a store-house owned by John Shurbert.

On the trial of the cause, as is shown by the bill of exceptions, the testimony for the State tended to show that the store-house of John Shurbert, in which a stock of merchandise and goods of value were kept, was broken into on the night of the 4th of February 1895, and some of the goods in said store-house were taken therefrom.

John Shurbert as a witness for the State testified to a search which was made in the house of the defendant on April 15, 1895, by himself, together with others, and that in this search they found certain articles of merchan-

[Crane v. The State.]

dise such as pants, dress patterns, calico and other things; and the witness further testified that the articles so found in the house of the defendant were like, or corresponded with, goods which were in the store-house of Shurbert.

The evidence for the defendant tended to show that the articles which were found at the house were things which he had purchased in Birmingham in the first part of January, 1895; and several of the witnesses testified to having seen these articles at the defendant's house prior to the alleged burglary. The defendant also introduced evidence tending to show that on the night of the 4th of February, when the said house was alleged to have been burglarized, he was at the house of a friend early in the evening, and was at his own house the rest of the night. The rulings of the court upon the evidence, which are reviewed on this appeal, are sufficiently shown in the opinion.

Upon the introduction of all the evidence, the court in its oral charge to the jury instructed them as follows: "That it was not necessary for the defendant to have actually been present, engaged in the breaking into and entering the store of Shurbert, but if prior to the breaking the defendant conspired with others to break into and enter the store of Shurbert and steal his goods, and aided and abetted them in the breaking, and in pursuance thereof the said breaking and entering was done, and the jury so believed beyond a reasonable doubt from the evidence, that would be guilty complicity, and the defendant would be as guilty as though he had actually engaged in the breaking and entering said store in person. Although you may not be satisfied from the evidence beyond all reasonable doubt that the defendant did actually break into and enter the store of Shurbert and steal his goods in person, yet if you are satisfied from the evidence beyond all reasonable doubt that, prior to such breaking and entering the store, that defendant planned with others to break into and enter said store for the purpose of stealing said goods, and in conformity with and following the said plan the said breaking and entering was done, that would be such guilty complicity as would render the defendant guilty as charged in the indictment, and you should so find." To the giving of this portion of the court's oral charge the defendant duly excepted, and

also separately excepted to the court's refusal to give each of the following written charges requested by him : (4.) "It is the duty of the jury to believe all the testimony, but if there is such a conflict in the testimony as to leave a reasonable doubt in the mind of the jury as to the guilt or innocence of the defendant then they must acquit." (3.) "In considering the evidence it is the duty of the jury to weigh and construe all the evidence so as to make all the witnesses speak the truth ; but if there be an irreconcilable conflict of the testimony, then it becomes the duty of the jury to give credit to those witnesses who had the best means of knowing about the facts of which they testified." (2.) "Before the jury can convict the defendant under the evidence in this case, they must find from the evidence, to a moral certainty and beyond all reasonable doubt that George Crane, with intent to steal, broke into and entered the store of John Shurbert, in which goods and merchandise, clothing, calico, shoes, tobacco, things of value were kept for use, sale, or deposit, and that such offense was committed in St. Clair county, and unless the evidence so satisfies the jury they must acquit the defendant." (22.) "There may be a reasonable doubt in the minds of the jury as to the innocence of defendant, and if such is the case, the jury must acquit the defendant."

M. M. SMITH and JAMES A. EMBRY, for appellant.—The evidence as to the owner of the property having shown to the persons who made the search of the defendant's house, a sample of the goods which were stolen from the store-house was illegal, immaterial and inadmissible, and should have been excluded on defendant's motion.—*Whizenant v. State*, 71 Ala. 383 ; *Dodd v. State*, 92 Ala. 61.

2. The trial court erred in its oral charge to the jury, there being no evidence in the record showing or tending to show that appellant conspired or planned with any other person or persons, prior to the breaking, to commit the offense.—*Tanner v. State*, 92 Ala. 1 ; *McAnally v. State*, 74 Ala. 9.

3. Written charge numbered 2 should have been given. It required the material allegations of the indictment to have been proven before a conviction could

be had.—*Gilmore v. State*, 99 Ala. 154; *Lindsay v. State*, 19 Ala. 560; *Johnson v. State*, 35 Ala. 363.

4. Written charge numbered 22 should have been given, as it certainly asserts a correct principle of law in all criminal cases.—*Gilmore v. State*, 99 Ala. 154; *Bain v. State*, 74 Ala. 38; *Winslow v. State*, 76 Ala. 42.

WILLIAM C. FITTS, Attorney-General, for the State, cited *Buchanan v. State*, 109 Ala. 7; 19 So. Rep. 410.

HARALSON, J.—1. Four persons went to search defendant's house for the stolen property. They had no knowledge of the alleged burglary, nor of the goods said to have been stolen. The owner of the burglarized store and goods stolen, one Shurbert, being examined for the prosecution, was asked: "If before said search, and after they.[the persons who made the search of defendant's house] had started out, he had described said goods or any part of them [to said parties] or showed them samples of the same?" The witness replied that he had described, and shown samples of said goods, which he had obtained from his own house and customers, to [said parties] before they started out on said search. John Seay, one of the parties who made the search, on his examination for the State, was asked, if before making the search, the said Shurbert described the goods and showed him samples of them. He replied in the affirmative, and also stated, in response to a question calling for the answer, that the goods found in defendant's house corresponded with those shown to him and the other persons with him by said Shurbert, before they made the search. To each of the foregoing questions, before they were answered, the defendant objected; because they called for illegal and irrelevant evidence, and moved the court, after the witness, Seay, made his answer, as to the correspondence between the goods found and those shown to him before the search, to exclude the same because of its illegality and incompetency as evidence. The court overruled the several objections, and admitted the evidence. In this there was manifest error, as held by us in former adjudications.— *Whizenant v. The State*, 71 Ala. 383; *Dodd v. The State*, 92 Ala. 62; *Buchanan v. The State*, 109 Ala. 7.

2. The oral charge of the court was abstract. It

hypothesized the existence of a conspiracy between the defendant and other parties to commit the alleged burglary, on which he would be as guilty as they, though they and not he actually committed it. There was an entire absence of evidence to show such a conspiracy. The charge should not have been given; but it is unnecessary to decide, whether it contained reversible error on this account or not.

3. The 3d charge requested by defendant was properly refused. The veracity of witnesses is always to be presumed, in the absence of evidence to the contrary In cases of conflict between witnesses on material points, it is the province of the jury, without being chargeable with capriciousness, to reconcile their conflicts, if it may be done by them, consistently with the truth. But, what witness or witnesses they will believe, under all the evidence, is a question exclusively within their province. As a general rule when witnesses are equally credible, and some had means of knowledge superior to others, the evidence of the latter should be given the greater weight.—*Corley v. The State,* 28 Ala. 22 ; *Ala. Fer. Co. v. Reynolds,* 79 Ala. 504 ; *Norris v. The State,* 87 Ala. 88 ; *Smith v. The State,* 92 Ala. 70 ; 1 Greenl. Ev., § 13. Said charge was calculated to mislead and confuse the jury. It can not be said ever that it is the duty of the jury to believe all the evidence so as to make all the witnesses speak the truth—unless they can do so consistently with the truth, which the charge fails to hypothesize ; and the latter portion of it is also erroneous, if for no other reason, in that it does not hypothesize the equal credibility of the witnesses, having equal means of knowledge. The vice of the 4th charge in its first instruction, will plainly appear.

Charge 22 assumes as a fact, that there may be a reasonable doubt in the minds of the jury as to the innocence of defendant, and was not free from confusing obscurity, and for these reasons was properly refused. The jury may have had a reasonable doubt, under the evidence, of the innocence of defendant, and yet have believed him guilty beyond a reasonable doubt. A probability of innocence, it has been held, is a just foundation for a reasonable doubt of guilt.—*Winslow v. The State,* 76 Ala. 48. But reasonable doubt of innocence is

not synonymous with a probability of innocence, nor is it the same thing as reasonable doubt of guilt.

Charge No. 2 asked by defendant should have been given. It hypothesized the material allegations of the indictment as necessary to be shown beyond a reasonable doubt, before the jury could find the defendant guilty.

The judgment of the court below is reversed and the cause remanded.