# Osborn *v.* The State.

*Indictment for Carrying Concealed Pistol.*

1. *Impeachment of witness; province of jury in considering his testimony.*—Whether a jury is authorized to discard altogether the testimony of a witness who has been impeached, depends not alone upon the fact of impeachment, but from that fact considered in connection with the other facts in evidence; it being the province of the jury to determine what weight or credibility they will give to the testimony of the impeached witness.

2. *Same; same; charge to the jury.*—In a criminal case, a charge which instructs the jury that "While it is the province of the jury to pass upon the credibility of a witness, nevertheless the law furnishes to jurors certain rules to guide them in determining whether or not a witness spoke the truth, and the law authorizes a jury to discard altogether the testimony of a witness who has been impeached," is misleading and properly refused.

3. *Same; same; same.*—The testimony of an impeached witness is sufficient to convict without the corroboration of other evidence tending to show guilt; and an instruction to the jury which contains the converse of this proposition, is erroneous and properly refused.—(*Cohen v. State*, 50 Ala. 108; *Porter v. State*, 55 Ala. 95, overruled).

4. *Trial and its incidents; exclusion of evidence.*—Testimony that is illegal and irrelevant, may properly be excluded at any stage of the trial, though not objected to when called for; but when not so objected to, it is not reversible error for the court to refuse to exclude it during the subsequent progress of the trial.

5. *Same; argument of counsel.*—Where evidence which was illegal and irrelevant was not objected to when offered, and was allowed to remain before the jury, it is competent for counsel on either side to refer to it or comment on it in argument before the jury.

APPEAL from the County Court of Hale.

Tried before the Hon. WILLIAM C. CHRISTIAN.

The appellant was indicted, tried and convicted for carrying a pistol concealed about his person.

On the trial of the cause, the defendant introduced Webb Washington and Sid Clements as witnesses, and each of these witnesses testified to facts showing that the defendant at a designated time and place in Hale County, within twelve months before the finding of the indictment, carried a pistol concealed about his person.

The defendant, as a witness in his own behalf, testified that he did not have the pistol concealed at the time and place designated by the State's witnesses; but that he carried it in his coat pocket exposed. Another witness for the defendant testified to the same facts.

George W. Morris, a witness for the defendant, testified that he knew Webb Washington, the witness examined in behalf of the State; that he knew his general character in the community in which he lived; that it was bad; that he knew his general character for truth and veracity, and that it was bad; and that from his knowledge of his general character he would not believe him on oath. He also testified to facts impeaching the testimony of said Webb Washington as given upon the pending trial. This witness testified to the same facts in reference to the witness Sid Clements.

Upon the cross-examination of this witness, he testified that he had heard a great many people discuss Webb Washington's character, and that one of the persons who had discussed his character was Mr. Lawless, a justice of the peace in the neighborhood where Webb Washington lived. Thereupon the solicitor asked the witness if the case against the defendant had not been brought up from Mr. Lawless's court, and if Mr. Lawless did not bind the defendant over to the grand jury on the charge for which he was now being tried, and if Webb Washington and Sid Clements were not two of the witnesses examined by Mr. Lawless on the preliminary trial in this case. The witness answered each of these questions in the affirmative.

The bill of exceptions recites that "In his argument to

the jury the solicitor used the following language: "They say the witnesses for the State have been impeached by Mr. Morris. Mr. Morris tells you that he has heard Mr. Lawless say they are of bad character. This case comes to you, gentlemen of the jury, from Mr. Lawless's court, a justice of the peace in the neighborhood in which the parties reside. The defendant objected to this argument of the solicitor on the ground that it was improper and illegal, which objection was by the court overruled, to which ruling of the court the defendant duly excepted, then and there. The defendant then moved the court to exclude from the jury the testimony of Mr. Morris as follows: 'This case is here from Mr. Lawless's court, who is a justice of the peace in the neighborhood,' on the ground that it was irrelevant and illegal, which motion was by the court overruled, to which action of the court the defendant then and there duly excepted."

The defendant requested the court to give to the jury the following written charges, and separately excepted to the court's refusal to give each of them as asked: (1.) "While it is the province of the jury to pass upon the credibility of a witness, nevertheless the law furnishes to juries certain rules to guide them in determining whether or not a witness spoke the truth, and the law authorizes a jury to discard altogether the testimony of a witness, who has been impeached." (2.) "There can not be a conviction in any criminal case upon the testimony of a witness for the prosecution, who has been impeached, unless such testimony has been corroborated by other testimony tending to show the guilt of the defendant; and in no criminal case can there be a lawful conviction, unless the jury be satisfied from the evidence, beyond a reasonable doubt, that the defendant is guilty."

DeGraffenried & Evans, for appellant, cited. *Lowe v. State,* 88 Ala. 10; *Cohen v. State,* 50 Ala. 108; *Ray v. State,* 50 Ala. 104; *Porter v. State,* 55 Ala. 96.

Chas. G. Brown, Attorney-General, for the State. The argument of counsel was based on evidence admit-

ted by the court without objection by defendant. It was a fact in evidence. The application of same, or inference to be drawn from it was proper to be presented by counsel.—*Cross v. State*, 68 Ala. 484; *Green v. State*, 97 Ala. 59; *Matthews v. State*, 100 Ala. 47.

There was no error in the rulings of the trial court upon the charges requested.—*Prior v. State*, 99 Ala. 196; *Nabors v. State*, 82 Ala. 9; *Moore v. State*, 68 Ala. 360; *Lowe v. State*, 88 Ala. 8.

SHARPE, J.—Whether a jury is authorized to discard altogether the testimony of a witness who has been impeached, depends not alone upon the fact of impeachment, but from that fact, considered in connection with other facts in evidence. One who is generally unworthy of credit may speak the truth in the particular case, and from the attendant facts and circumstances the jury may be convinced that he has done so. In such case it would be the jury's duty not to discard but to consider the testimony, giving it such weight as it may be entitled to in view of the impeaching evidence as well as the other evidence.—*Jordan v. State*, 81 Ala. 20; *Lowe v. State*, 88 Ala. 8; *Grimes v. State*, 63 Ala. 166; *Addison v. State*, 48 Ala. 478; *Moore v. State*, 68 Ala. 360.

Charge 1 was calculated to mislead the jury to believe that the credibility of the testimony referred to was to be tested alone by the extent to which the general credibility of the witnesses had been impeached.

The proposition asserted by the first clause of charge 2, to effect that the testimony of an impeached witness is insufficient to convict without corroboration by other evidence tending to show guilt, was held correct in *Cohen v. State*, 50 Ala. 108 and in *Porter v. State*, 55 Ala. 95, but was condemned in *Moore v. State, supra,* and again in *Horn v. State*, 98 Ala. 23. A similar one was also held bad in *Ray v. State,* 50 Ala. 104, but for the reason given in that case the witnesses had not been impeached. In *Moore's Case* referred to it was said by the court that "when the character of a witness is assailed, or he is otherwise impeached as being unworthy of credit,

[State v .Humphrey.]

it is entirely within the province of the jury as the exclusive judges of the facts to say what degree of weight or credibility shall be given to his testimony. It does not lie in the mouth of any court to instruct the jury as a matter of law that they cannot convict on such testimony unless it is corroborated."

We are of the opinion that the latter case states the law correctly. The statements of an impeached witness may be so disinterested and consonant with reason as to carry with it internal evidence of truth. The general rule applicable alike to witnesses who are and who are not impeached is that an instruction by the court defining the effect to be given their statements is an infringement upon the jury's province.—*Norris v. State,* 87 Ala. 85 ;*Corley v. State,* 28 Ala. 22; *Cent. R. &c. Co. v. Phinizee,* 93 Ga. 488; 1 Green. Ev. § 10 and note; 29 Am. & Eng. Ency. Law, 766-768. On this point the cases of *Cohen v. State* and *Porter v. State, supra,* must be overruled .

Testimony that is illegal or irrelevant may properly be excluded at any stage of the trial though not objected to when called for; but when not so objected to it is not reversible error to refuse to exclude it.—*Lewis v. State,* 121 Ala. 1; 25 So. Rep. 1017. The evidence as to the justice's connection with the case was not objected to in proper time and being allowed to remain before the jury, it was permissible for the counsel on either side to refer to it.

No error appearing in the record, the judgment will be affirmed.