# Locklayer *v.* Locklayer.

*Petition by Widow for Allowance of Exemptions.*

1. *Husband and wife; marriage between negro and white person void; no exemptions allowed.*—Where a white woman marries a negro man, under a license issued therefor, such marriage is in violation of the statute, (Code, § 5046), and void; and upon the death of the reputed husband, his widow acquires no rights in his property and is not entitled to claim exemptions.

2. *Petition for exemptions; admissibility of evidence.*—In a proceeding by a widow to have exemptions out of a deceased husbands' estate set apart and allotted to her, where the issue presented is, whether the deceased husband was a negro, the widow being a white woman, it is competent for the contestant to introduce evidence showing that the reputed husband was recognized and treated as a negro, and that his father and mother, who recognized him as their child, were negroes.

3. *Same; same.*—In such a case, it is competent to prove by a witness a statement made by the reputed husband, years previous to his death, in which he admitted that he was a negro.

4. *Evidence; affidavit not admissible without proof of its execution.*—On the trial of a case, an affidavit not being self-proving, is not admissible in evidence, in the absence of proof of its execution,

[Locklayer v. Locklayer.]

APPEAL from the Probate Court of Lawrence.

Heard before the Hon. J. C. KUMPE.

The proceedings in this case were had upon a petition being filed by the appellant, Nancy Locklayer, in the probate court of Lawrence county, asking to have the personal property belonging to the estate of her deceased husband, Jackson Locklayer, set apart to her as exempt. It was averred in the petition, that Nancy Locklayer was the widow of Jackson Locklayer, having been married to him under license regularly issued from the probate court of Lawrence county on November 29, 1887; that Jackson Locklayer died, and after his death J. R. Locklayer was appointed administrator of the estate; that the said Jackson Locklayer, deceased, had no real estate, but left personal property which the petitioner prayed to be set apart to her as exempt. In accordance with the prayer of the petition, commissioners were appointed to set apart and allot her exemption, and these commissioners filed their report, setting aside and allotting to the petitioner as the widow of Jackson Locklayer, personal property of the value of $265.81. After the filing of this report of the commissioners, J. R. Locklayer, as administrator of the estate of Jackson Locklayer, deceased, filed his motion in said court to strike the petition of Nancy Locklayer from the file, upon the ground that said Nancy Locklayer was not the widow of said Jackson Locklayer, deceased. The contestant also filed exceptions to the report of the commissioners, upon the ground as above stated, and upon the additional ground that said Nancy Locklayer was a white woman and Jackson Locklayer was a negro man, and that, therefore, there had been no legal marriage between them.

The contestant introduced several witnesses who testified that they knew Jackson Locklayer in his life time, and that he was a negro; that his father and mother were both negroes, and that his kinspeople were negroes. The petitioner introduced several witnesses who testified to statements having been made by J. L. Locklayer that he did not have any African blood in his veins, but was of mixed blood, being part Indian,

part Portuguese, and part Caucasian. The other evidence introduced by the petitioner is sufficiently stated in the opinion.

In rebuttal the contestant introduced as a witness one R. Y. Goodlet, who testified that he knew Jackson Locklayer; that said Locklayer was a negro, and was the first negro that had ever been drawn on a jury in Lawrence county, that he was drawn as a juror for the March term, 1868, of the court of said county. Thereupon the contestant asked said witness the following question: "Did he make any statement to the court as to his race or nationality in his call as a juror?" The petitioner objected to this question, because it called for illegal, incompetent and irreleveant evidence. The court overruled the objection, and the defendant excepted. The witness answered that he asked the court to excuse him from serving as a juror "because his color had prevented him from serving on juries theretofore." There were objections and exceptions to evidence introduced in behalf of the contestant as to how Jackson Locklayer was treated by his father, Osborn Locklayer, and his mother, who were both shown to have been negroes, but the facts in reference to these rulings are sufficiently shown in the opinion.

The petitioner offered in evidence an affidavit which was signed by Jackson Locklayer, in which he swore that he was neither a negro, nor a descendant of a negro, and in which affidavit it was recited that said affidavit was made for the purpose of enabling him to procure the marriage license to marry the petitioner. There was no proof of the execution of this affidavit. The contestant objected to the introduction of this affidavit in evidence. The court sustained the objection, and the petitioner excepted.

Upon the introduction of all the evidence, the court adjudged and decreed that the motion to strike the petition for exemption from the file be sustained, and that the exceptions reserved to the allowance of the exemptions be sustained, and that the petition be dismissed. From this judgment the present appeal is prosecuted,

and the petitioner assigns as error the rendition of said judgment, and the several rulings of the court upon the evidence.

C. M. SHERROD and COOPER & FOSTER, for appellant. From the evidence in this case it could not be said that the act was intentionally done, in fact it affirmatively appears that appellant was ignorant of the fact—if it be a fact—that Jackson Locklayer was a negro; it is equally manifest that she believed and had every reason to believe that he was a white man.    Therefore, she could not be guilty of a crime, and the invalidity of the marriage depending entirely upon the commission of the crime prohibited, it must follow that the marriage is valid until avoided by direct proceedings.—*Gordon v. State,* 52 Ala. 308; *Sanders v. State,* 55 Ala. 181.

This was an effort to establish the fact of Jackson Locklayer being a negro by evidence of general notoriety, but the rule as to the admission of that character of evidence has often been declared by this court to be that "General notoriety is sometimes admissible evidence as tending to prove *notice* of a fact where notice thereof is material, but *never* to prove the existence of the *fact itself.*"—*L. & N. R. R. Co. v. Hall,* 87 Ala. 708; *Woods v. M. C. & T. Co.,* 84 Ala. 560; *Woolen Mills v. Sibert,* 81 Ala. 140; *Moore v. Jones,* 13 Ala. 296.

G. O. CHENAULT and D. C. ALMON, *contra.*—The testimony tending to show the recognition of the deceased husband as their child by his father and mother, and that they were negroes, was admissible.—18 Amer. & Eng. Encyc. of Law, (1st ed.), 265; 1 Greenleaf on Evidence, (6th ed.), § 106; *Weatherford v. Weatherford,* 20 Ala. 548; *White v. Strother,* 11 Ala. 720.

The court committed no error in excluding the paper purporting to be the affidavit of Jackson Locklayer, deceased.   It was not shown to be the affidavit of said decedent, although it bears the certificate of the officer before whom it purports to have been made; that does not make it self-proving and no proof of its execution having been made, it was clearly properly excluded.—*Keyland v. Keyland,* 101 Ala. 297.

[Locklayer v. Locklayer.]

The undisputed evidence is that Jackson Locklayer was dead at the time of the trial in this case, and any statement as to his race or nationality, made by him prior to his death, would be competent.—*Rogers v. De-Bardeleben Coal & Iron Co.,* 97 Ala. 154.

TYSON, J.—The evidence satisfactorily supports the finding of the trial judge of the fact that petitioner's reputed husband was a negro. Their living together as husband and wife upon the assumption of a valid marriage, although performed according to forms of law, was clearly illegal and adulterous. In short, the attempted intermarriage was abortive and void, conferring no rights upon either by virtue of such relation; being in violation of the policy declared by section 5046 of the Code.

All this, we understand, is conceded by appellant's counsel, but it is insisted that she was deceived by her reputed husband into entering into the contract of marriage and the consummation of it by his appearance coupled with his representations to her that he was a white man. In other words, that she acted in good faith, was his innocent and unsuspecting victim, and, therefore, was not guilty of a violation of the statute. Whether this contention be sound or unsound, it is not necessary to be decided. There was evidence from which the trial judge could have found that she was not deceived, but, as a matter of fact, knew that he was a negro. His former wife was a negress and this the petitioner knew; and the ceremony between her and him, when the attempted marriage was entered into was performed by a negro. It is true this evidence was objected to, but those objections are not insisted on here. But if they were they would be unavailing. The evidence was clearly competent for the purpose of showing her want of good faith, which seems to have been relied upon by her as sustaining her right to the property in the event the fact be ascertained by the court that her reputed husband was a negro.

Her adversary was allowed to introduce in evidence

against her objections that her reputed husband was rec-
ognized and treated by Oscar Locklayer, who is shown
to have been a negro, and his wife, who was a mulatto,
as their child, and that her reputed husband and his re-
puted father and mother were known as negroes.

There was no error in either of the rulings.—*Weath-
erford v. Weatherford,* 20 Ala. 548; *Tucker v. The State,*
24 Ala. 77; *White v. Strother,* 11 Ala. 720. Nor was
any error committed in allowing witness Goodlet to tes-
tify to the statement of the petitioner's reputed hus-
band, made to the court, in 1868, when summoned as a
juror. He being dead, any declaration made by him, as
to his race was competent.—*Rogers v. DeBardeleben,*
97 Ala. 154;, and cases there cited; 22 Amer. & Eng.
Ency. Law, (2d ed.), 644. Besides, it was clearly in re-
buttal of declarations, offered in evidence by petitioner,
made by him to the effect that he was not a negro. The
affidavit offered in evidence was not self-proving, and in
the absence of proof of its signing by the affiant the ex-
clusion was proper.

Other exceptions were reserved during the trial to the
rulings of the court on the admission and exclusion of
evidence and are assigned as error, but are not insisted
on. The judgment must be affirmed.

Affirmed.