# COLE *et al.* v. DISTRICT BOARD OF SCHOOL DIST. No. 29, McINTOSH COUNTY.

### No. 1779.    Opinion Filed April 9, 1912.

### (123 Pac. 426.)

1. **SCHOOLS AND SCHOOL DISTRICTS—Discrimination Between Races—Evidence.** When the question involved is whether a person is a negro or a white person, evidence is properly admitted tending to show the relation of such person to the white and negro races, and the nature and extent of his association with others of such races.

2. **SAME.** On the trial of such an issue, evidence is competent which tends to show that the person involved is generally regarded as a negro or white person by his neighbors and in the community in which he lives.

3. **EVIDENCE—Opinion Evidence—Admissibility.** On the trial of such an issue, witnesses who have long known the person involved should be permitted to state that he is a negro or a white person, as the case may be.

4. **SCHOOLS AND SCHOOL DISTRICTS—Discrimination Between Races—Evidence.** On the trial of such an issue, evidence should be admitted tending to show that the person involved attended the white school in the state from which he came, if the law of that state prohibits negroes from attending white schools.

5. **EVIDENCE—Statutes—Admissibility.** Under Comp. Laws 1909, sec. 5890 (Statutes of 1893, sec. 4260), the best evidence of the statutes, codes, or other written law of any other state or foreign government is the statute itself; while the unwritten or common law may be proved as facts by parol evidence.

(Syllabus by Ames, C.)

*Error from District Court, McIntosh County;*
*Preslie B. Cole, Judge.*

Action by Morton Cole and others against the District Board of School District No. 29, County of McIntosh, for writ of mandamus to compel the defendant to admit the plaintiffs into the white school of that district. Judgment for defendant, and plaintiffs bring error. Reversed and remanded.

*Schofield & Burlingame,* for plaintiffs in error.

Opinion by AMES, C. The plaintiffs were denied admission to the white school in the district in which they resided on the ground that they were negroes. They brought action to compel the district board to admit them. The case was tried in the district court, and the issues were submitted to a jury, which returned a verdict in favor of the defendant, on which judgment was rendered by the court.

The first error complained of is in giving the following instruction:

"You are further instructed that in determining the blood and race of the plaintiffs you may take into consideration any evidence introduced as to their ancestry, color, hair, features, and general appearance; and you may also consider their relation and association, if any, with the negro race, and how they have been regarded and treated both by the white and negro races."

The particular part of this instruction complained of is that it permits the jury to consider the relationship and the association of the parties with the negro race, and how they had been regarded and treated by both the whites and negroes. The plaintiffs have referred us to no authorities and the defendant has not filed any brief, nor have we found a great many cases which have carefully considered these identical questions. In this state, by section 11 of article 23 of the Constitution, "all persons of African descent" are negroes, while all other persons are whites, thus, for legal purposes, limiting our population to the two races, and including the native American or Indian population and all other races, except the negroes, as white persons. Of course, the great bulk of our population is of pure Caucasian race, but we have quite a number of our citizens who are an admixture of the white and Indian races. On the other hand, we have the pure negro, and to a limited extent an admixture of white and Indian blood, and of Indian and negro blood, thus making it somewhat more difficult as a matter of fact to classify those who belong to this number. The rules of evidence to be applied to these cases are therefore of vital importance in this state. Our law provides separate schools for the negro race (Comp. Laws

1909, sec. 8193), and prohibits their admission to white schools, and, where one has such an admixture of blood as to make it uncertain what race he should be classified with, the question to him is of the most intimate and vital importance, and our rules of evidence should be liberally applied to ascertain the true fact.

Speaking broadly, it is a well-known fact that white persons and negroes do not associate with each other on terms of social equality, and it therefore seems evident that the relation between any particular individual and the negro race, on the one hand, or the white race on the other, is competent evidence, not to prove blood, but for the consideration of the jury, in connection with other facts and circumstances, as one fact tending to show racial identity. Our investigation does not disclose much precedent on this point, although in *White v. Strother*, 11 Ala. 720, it was held that the acts and conduct of slaves toward each other was admissible in evidence to show the relation existing between them, and in *Hopkins v. Bowers*, 111 N. C. 175, 16 S. E. 1, it was held that the association of one with negroes was admissible as determining his race. The rule, of course, should work both ways, and one's association with whites should be equally considered as evidence tending to show that he was of the white race.

The court admitted evidence tending to show that the plaintiffs, in the community in which they lived, were generally reputed to be negroes, and this is assigned as error. What we have already said applies to some extent to this subject. And the reason we have assigned likewise supports the ruling of the court in this particular. But on this point we have found more authorities than on the other. *Bryan v. Walton*, 20 Ga. 480, 508, *White v. Clements*, 39 Ga. 232, 242, *State v. Patrick*, 51 N. C. 308, *Nave's Adm'r v. Williams*, 22 Ind. 368, and *Chancellor v. Milly*, 9 Dana (Ky.) 23, 33 Am. Dec. 521, all hold that one's general reputation is admissible in evidence as tending to show that he is a member of the negro race. And *State v. Patrick*, 51 N. C. 308, and *Tucker v. State*, 24 Ala. 77, hold that, upon

the question as to whether a negro was a free man or a slave, evidence of his reputation in the community was competent. And in *Locklayer v. Locklayer,* 139 Ala. 354, 35 South. 1008, evidence was admitted that the person whose race was involved had been treated as their child by a negro couple. We think it was proper in this case for the jury to consider the general reputation of these people in their community as one element of evidence tending to show their race; not that this would be conclusive, but that it would be proper for the consideration of the jury under proper instructions of the court.

The court excluded the evidence of several witnesses who would have testified that there was no African or negro blood in the plaintiffs. This was error. It is true that in the nature of things such a statement was an opinion on the part of the witnesses offered, but it was offered as a fact to be stated by witnesses who had known them and their parents for years. It is manifest that one who has known a friend for many years should be permitted to say that he is a white man or a negro man without stopping to say that his hair is straight or curly; that his face is white or black; that his eyes are blue or black; that he knew his father and mother, and that their characteristics were those of the white or black race; that he knew his brothers and sisters; and that their characteristics are those of the black or white race. While to a certain extent it is the expression of an opinion, it is also the statement of a fact, and it is held in *Hopkins v. Bowers,* 111 N. C. 175, 16 S. E. 1, that opinion evidence of race is admissible.

Evidence was offered tending to show that the plaintiffs had attended white schools in Kentucky, and in connection with this evidence witnesses who had been members of school boards in that state, and one who had been a justice of the peace, sought to testify that they knew the laws of Kentucky, and that under the laws of that state negro children were not permitted to attend white schools. The court refused to permit these witnesses to testify as to the laws of Kentucky. Upon the record as presented this ruling may have been correct. As the cause

must be remanded for a new trial, it may be well to state the rule which should govern in the event testimony of this class is offered.

The rule, of course, is that the laws of other states are facts to be established in this state by evidence competent according to the rules here prevailing. The general rule seems to be that parol evidence is admissible to establish the unwritten law of foreign jurisdictions, but not to establish the statutory law, as in such cases the statute itself would be the best evidence. 17 Cyc. 67; *McNeill v. Arnold*, 17 Ark. 154; *Charlotte v. Chouteau*, 25 Mo. 465; *Leonard v. Peoples*, 30 Ga. 61; *Hoes v. Van Alstyne*, 20 Ill. 201; *McDeed v. McDeed*, 67 Ill. 545; *Line v. Mack*, 14 Ind. 330; *Phillips v. Murphy*, 2 La. Ann. 654; *Kermott v. Ayer*, 11 Mich. 181; *Martin v. Payne*, 11 Tex. 292; *Smith v. Potter*, 27 Vt. 304, 65 Am. Dec. 198. This rule is statutory with us, as appears from section 5890, Comp. Laws 1909, which reads as follows:

"Printed copies in volumes of statutes, codes or other written law, enacted by any other state or territory, or foreign government, shall be admitted by the courts and officers of this state, on all occasions, as presumptive evidence of such laws. The unwritten or common law of any other state, territory or foreign government, may be proved as facts by parol evidence; and the books of reports of cases adjudged in their courts, may also be admitted as presumptive evidence of such law."

In *Gilliland v. Board of Education*, 141 N. C. 482, 54 S. E. 413, it was held that, upon a question of race identity, evidence was admissible tending to show that the ancestor of the person involved had voted prior to the Civil War at a time when negroes were not allowed to vote, and if it was a fact that these plaintiffs attended white schools in Kentucky, and that negroes were not allowed to attend white schools in that state, these facts should be submitted for the consideration of the jury. A somewhat similar principle is announced by this court in *Cyr v. Walker*, 29 Okla. 281, 116 Pac. 931, 35 L. R. A. (N. S.) 795, in which the first paragraph of the syllabus is as follows:

"Where an act is done which can be done legally only after the performance of some prior act, proof of it carries with it a presumption of the due performance of the prior act."

Complaint is also made of some of the instructions refused, but the charge of the court substantially covered the matters requested in the instructions refused, and therefore their refusal was not error.

For the reasons herein stated, the case should be reversed and remanded for a new trial.

By the Court: It is so ordered.