## WILSON CAMPBELL

*v.*

## NATHAN D. BECK.

1. ISSUING MARRIAGE LICENSE *to a minor—liability of the clerk therefor.* The clerk of a county court does not incur the penalty prescribed by the statute, for issuing a marriage license to a minor without authority from the parent or guardian, by the mere issuing of the license. There is no liability until a marriage has taken place by virtue of such license.

2. In an action to recover such penalty, for issuing a marriage license to a minor daughter of the plaintiff, where the license was altered by the magistrate solemnizing the marriage, by changing the name of the man mentioned in the license to that of another, whom the daughter in fact married: *Held*, that the clerk was not liable. It was not by virtue of the license issued by him that the marriage was celebrated.

APPEAL from the Circuit Court of Marion county; the Hon. SILAS L. BRYAN, Judge, presiding.

This suit was commenced in the Circuit Court of Fayette county, and removed by change of venue into the Circuit Court of Marion county.

The opinion of the court contains a sufficient statement of the case.

Mr. J. P. VAN DORSTON, Mr. B. W. HENRY and Mr. A. J. GALLAGHER, for the appellant.

Mr. C. B. SMITH, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was a suit against appellant as county clerk, to recover the penalty for issuing a license for the marriage of the minor daughter of appellee without his consent. It appears from the evidence of the deputy clerk, who issued the license, that the names of the parties as written by him in the license, were subsequently changed by the justice of the peace, who returned the license with his certificate that he had joined the parties in marriage. He testified that he issued the license for the marriage of Ephraim Boaz and Zenia Beck, and that when it was returned it had been changed so as to authorize the marriage of Ephraim Bolds to Zenia Beck; and that the justice of the peace told witness that he had made the change in the license. The deputy clerk swore that appellant was present when the license was issued; that it was called for by one

Dively, and that he wrote the names as he gave them to witness. That he said the parties were of age, and he supposed the man was one of the Boaz family who resided in the county; that he did not know Sena Beck, and that he did not know that Zenia Beck was appellee's daughter. It appears that the name of appellee's daughter was Sena.

The question is presented, whether appellant issued the license by virtue of which the parties were married. We think clearly not. The license was for her marriage with a wholly different person. The names of Boaz and Bolds are entirely different in orthography and in sound; and the evidence shows that there were families of each name in the county at the time the license was issued; and we do not perceive how it can be held, without a total confusion of names, and a disregard for the identity of persons, that a license to marry one man can be held to authorize a marriage with another man with a different name. And it seems to have been so palpable that the justice of the peace did not dare to perform the marriage ceremony under the license as it came to his hands. He seems to have known that the license failed to confer any authority to join the parties in marriage. It was not, then, by virtue of the license issued by the clerk that this marriage was celebrated, but by virtue of the license altered and, substantially, issued to other parties.

If it could be held that Zenia and Sena are the same names, still we have seen that the license authorized her to marry a different person, and there is no evidence that the clerk knew, or supposed, that it was expected, or intended, that she would marry Bolds; and as she did not marry the person the license authorized her to marry, we do not see that it can be held that appellant has incurred any liability. Had she married Boaz, then the clerk would, perhaps, have incurred the penalty of the 10th section of the marriage act. To hold that the mere issuing of a license without authority, for the marriage of a minor, incurs the penalty of the statute, would be construing the statute according to the letter and not the spirit. The

design of the statute was two-fold—first, to prevent such licenses from issuing without authority, and second, to compensate the parent or guardian for injury and wrong sustained by such wrongful marriage of the minor. But until the marriage occurs, the parent or guardian has sustained no injury and can have no action for the recovery of the penalty. If wrong is sustained in this case, it is by the act of the person who altered the license, and not by the act of the clerk.

If, as the evidence in this case seems to prove, the justice of the peace altered this license, it is beyond our comprehension how that officer could have supposed he had such a right. That a person whom the voters of the precinct regarded as capable of performing the duties of the office, could for a moment suppose he had such a right, is incomprehensible. That he should act with such carelessness of the rights of others, and of his duty as a citizen and an officer, is remarkable. In our experience, in the profession and of public affairs, for more than a quarter of a century, we have never before known an officer entrusted with the enforcement of the laws, to do such an act.

The court below erred in admitting the license in evidence, as it was not followed by proof of a marriage by Sena Beck with Ephraim Boaz, and the judgment of the court below must be reversed and the cause remanded.

*Judgment reversed.*