6    63
23   312

## JENNIE C. FITZPATRICK, Appellant, v. JERRY FITZPATRICK, Respondent.

Irregularities of Practice not Objected to. Though the proceedings of a District Court are plainly irregular in point of practice, yet if no objection be made on that ground, such irregularity will not be considered in the Supreme Court.

Construction of Marriage Statute. The proviso in the Marriage Act to the effect that the issue of a marriage of persons not of lawful age shall not be illegiti. mate, (Stats. 1867, 88) refers to the issue of marriages of persons under eighteen years in males and under sixteen in females.

Marriage Statute—Marriageable Age. The proviso in the Marriage Act against the illegitimacy of the issue of a marriage of persons not of lawful age, (Stats. 1867, 88) does not indicate any intention on the part of the Legislature to render marriages of males between eighteen and twenty-one, or of females between sixteen and eighteen, void on account of being made without the consent of parents or guardians.

Lawful Age of Marriage, What. The lawful age of marriage in this State is eighteen years in males and sixteen years in females : and marriages made by persons of such age are valid and binding, though made without consent of parents or guardians.

Divorce—Want of Legal Age. Where a female of the age of sixteen years entered into a marriage "without force or fraud, and with her full and free consent ": Held, that there was no ground of divorce on account of want of legal age, though there was no consent by any parent or guardian.

Appeal from the District Court of the Eighth Judicial District, White Pine County.

It appears from the referee's report that the marriage ceremony took place in Hamilton City, White Pine County, on September 2d, 1869, before a justice of the peace.    The plaintiff, whose maiden name was Jennie C. Dirks, was the daughter of Mrs. Theresa Dean, wife of James Dean by a former marriage.    Mrs. Dean at the time of her marriage with James Dean reserved to herself the management and control of her separate property, and the full and sole guardianship and control of her children by her former marriage, of whom the plaintiff was one.    It appears that James Dean gave his consent to the plaintiff's marriage so far as he could do so; but Mrs. Dean, the mother of plaintiff, was not consulted in reference to the marriage, and did not assent to it.    It further appears that the parties never cohabited, and that the plaintiff herself was desirous of avoiding the marriage.

The referee deduced a conclusion that the marriage was voidable *ab initio* for the want of capacity in plaintiff to give her consent to said marriage, and from the failure to procure the consent of her mother and legal guardian; and that she was therefore entitled to a decree.

*D. S. Terry*, for Appellant.

[Counsel devoted much of his brief to alleged fraud and perjury in the procurement of the marriage ; but as these questions did not arise or were not considered by the Court, we pass to his points in reference to the matter decided, namely :]

The plaintiff, by reason of want of age was incapable of contracting a valid marriage, except with the consent of her parent or guardian.    The statute provides that marriage by females under the age of eighteen shall be contracted only with the consent of their parents or guardian, and a penalty is imposed on the county clerk who shall issue a license for the marriage of such minor without such consent.

It is true, that the current of authority is to the effect that such marriages under statutes similar to ours are not void because of non-compliance with the provisions of the law, though a penalty has been incurred by those assisting in the solemnization.    But in the cases in which decisions have been rendered, the marriages have

usually been followed by cohabitation; and upon grounds of public policy, in order to protect society, as well as the innocent party to such marriages, they have been upheld.    These reasons do not apply to marriages which have not been consummated, as in the present case.    Besides, the statute of Nevada is peculiar in providing that nothing in it shall be construed to make the issue of any marriage illegitimate, if the person or persons shall not be of " lawful age."    Evidently the Legislature intended by this that all marriages entered into except as provided in said act should be void.    If this was not their intention, then that portion of the act which provides against bastardizing the issue of such marriages is mere surplusage and without meaning, for the reason that it would be the merest folly to provide by statute that issue of a valid marriage shall not be illegitimate.

*Pitzer & Campbell*, for Respondent.

By the Court, WHITMAN, J.:

This was an action for divorce brought in the District Court of the Eighth Judicial District, and by that Court referred by the following order: " By consent in open Court the above cause is ordered referred to D. W. Perley, Esq., to take the testimony herein and report the same to this Court with the proper order therein."

Acting thereunder, the referee took the testimony offered, and filed his findings of fact and conclusions of law, to the effect that plaintiff was entitled to a decree of divorce.    On the same day the Court set aside the report and directed a judgment for defendant, which was subsequently entered.    From that judgment this appeal is taken.

The course pursued by the District Court would seem to be irregular in point of practice, in any view of the force of the order of reference.    If the reference was general, as was evidently the understanding of the referee, then his report stood as the decision of the Court, and upon filing, judgment should have been thereon entered, unless such decision had been altered or amended.    (Stats. 1869, 224–5.)    If the reference was to find the facts, then the

report stood as a special verdict, (Stats. 1869, 225) and upon that special verdict the Court should have found conclusions of law. (Stats. 1869, 223.) But as no objection is made to the action of the Court in this regard, and the case is argued entirely upon its merits, the judgment being objected to as erroneous under the law of divorce, the case will be considered as presented; and the only point decided will be, whether under the findings of fact by the referee, the conclusions of law practically deduced by the Court, as evidenced by the judgment, are correct.

The statute of this State provides that " male persons of the age of eighteen years, and female persons of the age of sixteen years, not nearer of kin than second cousins, and not having a husband or wife living, may be joined in marriage : *provided always*, that male persons under the age of twenty-one years and female persons under the age of eighteen years shall first obtain the consent of their fathers respectively, or in the case of the death or incapacity of their fathers, then of their mothers or guardians; *and provided further*, that nothing in this act shall be construed so as to make the issue of any marriage illegitimate, if the person or persons shall not be of lawful age." (Stats. 1867, 88.)

It is admitted by counsel for appellant that it is commonly held under similar statutes, that the lack of the consent of parent or guardian does not invalidate the marriage; but it is claimed that the second proviso, above quoted, alters the effect of the statute, and evidences the intention of the Legislature to make such marriage void, by carefully providing against evil results to its issue. That proviso cannot indicate any such intent, as it only relates to the issue of persons not of lawful age—that is, not of the age of eighteen years in the male or sixteen years in the female. Those are the lawful ages; any thing less would be unlawful under the statute; so that proviso applies merely to the issue of persons marrying under the ages mentioned, and does not touch the question in hand.

It has been said that the ages of eighteen and sixteen, for males and females respectively, are lawful ages of marriage. Now, it remains to be seen what is the effect of the first proviso, and how a marriage between persons of lawful age is affected, if at all, by

reason of non-consent of parent or guardian.  In deciding this ques-
-tion, the hardship of a particular case can properly have no effect.
What the authorities have declared the law to be, must be the rule
of decision.

By the common law and the statute law of this State, (Stats.
1861, 94) marriage is held to be a civil contract.  To render the
contract valid, the parties must be able and willing to contract.  At
common law the age of capacity to make the contract of marriage
was fixed at fourteen years for males and twelve years for females,
upon the supposition, all things considered, that such provision was
for the best interests of society ; and by so fixing the age of capacity
or contract, the inference naturally follows, " that the parties at
that age have sufficient discretion for such a contract, and they
can then bind themselves irrevocably, and cannot be permitted to
plead even their egregious indiscretion, however distressing the result
of it may be.  Marriage before such age is voidable at the election
of either party, on arriving at the  age of consent, if either of the
parties be under that age when the  contract is made."   (2 Kent,
44.)

The statute of this State does not alter the common law, save
by substituting the ages therein named for the common law ages ;
and it has been generally, if not universally held, in construing
similar statutes, that in the absence of any provision declaring mar-
riage made in violation of the statutory proviso void, it was a valid
and binding contract, upon the theory that persons of the consent-
ing or lawful age, voluntarily entering into a contract, should be
held thereto precisely as they would be held to any other lawful
contract voluntarily assumed at the legal age, or upon majority.  In
other words, that the age fixed by statute as the age of consent,
renders parties of such age no longer infants with regard to that
special contract.  ( *Goodman* v. *Thompson*, 2  C. Greene, (Iowa)
329 ; *Parton* v. *Hervey*, 1 Gray, 119 ; *Hervey* v. *Mosely*, 7 Gray,
479 ; *Dumaresly* v. *Fishley*, 3 A. J. Marshall, 369 ; *Rex* v. *Bir-
mingham*, 8 B. & C. 24 ; 2 Greenlf. Ev., Sec. 460 ; 2 Kent.
Com. 52.)

In the case at bar the evidence was conflicting on some points,
but still warranted the findings of fact of the referee ; but the

material facts found by him seem to have been overlooked in his legal conclusions. The referee finds that appellant was born in April, 1853, and married in September, 1869, so that she was, at the date of her marriage, over the age of sixteen years; and he further finds that so far as she " was concerned, the marriage was not procured by force or fraud, but was entered into with her full and free consent."

These findings are conclusive of the case. The appellant being of lawful consenting age to make a marriage contract, and entering into the same " without force or fraud," and " with her full and free consent," did make a valid binding contract, which can only be avoided by her for some reason by law provided for such avoidance ; and none such has been presented in this case.

The judgment of the District Court was therefore correct and must be affirmed.