# JOHN J. McDEED

### *v.*

# CLARINDA McDEED.

1. EVIDENCE—*of statute of another State.* It is error to allow a statute of a foreign State to be proved by parol, but the subsequent introduction in evidence of the statute book itself will obviate the error.

2. SAME—*of the common law of another State.* The common law of a foreign state may be proved by parol evidence. The usual course is to

67　545
148　552

67　545
150　540
44a　537

67　545
161　461

67　545
73a　230

67　545
176　186

67　545
177　224

67　545
111a　6536

make such proof by the testimony of competent persons instructed in the law.

3. SAME—*judicial notice.* Courts will take notice of the construction given to foreign statutes by the foreign tribunals, and to enable them to do this, they have always been in the habit of looking to the reports of such tribunals.

4. SAME—*secondary evidence.* For the purpose of proving the date of a person's birth, the court admitted in evidence a copy of entries, from a leaf in the family bible containing that of the person whose age was in question. The only proof to authorize this was the testimony of the witness that he made such copy at the request of one of the family; that the original leaf was somewhat worn and blotched, but could be distinctly read, and that the paper was wet and damaged some, and that he did not know what had become of the original leaf: *Held,* that the absence of the leaf containing the original entry was not sufficiently accounted for to justify the admission of the copy as evidence.

5. MARRIAGE—*what law governs its validity.* The law of the State where a marriage takes place, must control as to its validity. Thus, when a person was married in the State of Ohio, and before arriving at the age of eighteen he disaffirmed the marriage by refusing to live with his wife after arriving at such age, it was *held,* that the laws of Ohio which made the marriage void, must control in this State, as to the question of heirship and the descent of property, and that the children of such marriage could not take to the exclusion of children by a subsequent marriage.

6. EVIDENCE—*instruction as to the amount of proof necessary.* It is erroneous to instruct the jury in a civil case that the plaintiff must make out his case by a clear preponderance of evidence. A mere preponderance is sufficient.

7. SAME—*rule in criminal case not applicable in civil suit.* Where a deceased person had been twice married, his former wife being alive long after his second marriage, in a contest between a child by the first marriage, with his widow and child by the second, the court instructed the jury, that every person is presumed to be innocent of crime until there is proof of guilt; that when any act is required to be done on the one part, so that the party neglecting it would be guilty of criminal neglect of duty in not having done it, the law presumes the affirmative, and throws the burden of proving the contrary or negative on the other side: *Held,* that the instruction was erroneous, as laying down the rule of evidence in a criminal case. The presumption of innocence was improperly thrown into the scale.

APPEAL from the Circuit Court of Macon county; the Hon. A. J. GALLAGHER, Judge, presiding.

This was an action of ejectment, by John J. McDeed against Clarinda McDeed, Gordon McDeed, Eliza McDeed and Albert McDeed, in the circuit court of DeWitt county, and taken by change of venue to Macon county, where a trial was had, resulting in a judgment for the defendants, from which the plaintiff appealed.

The second instruction given for the defendants, referred to in the opinion, is as follows:

"The court further instructs the jury, that every person is presumed to be innocent of crime until there is proof of guilt; and further instructs them, that where any act is required to be done on the one part, so that the party neglecting it would be guilty of criminal neglect of duty in not having done it, the law presumes the affirmative, and throws the burden of proving the contrary—that is, in such case, of proving a negative—on the other side; and therefore, although the jury may believe, from the evidence, that John McDeed was married to Marinda Hollenback in the State of Ohio, and was afterwards married to the defendant, Clarinda McDeed, in the State of Indiana, yet they will presume that the second marriage was innocent and not bigamous or criminal, unless they further believe, from the evidence, that the first marriage was not dissolved by John McDeed avoiding it within the age of consent, or by his obtaining a divorce prior to the second marriage."

Messrs. Moore & Warner, for the appellant.

Messrs. Weldon & Benjamin, for the appellee.

Mr. Justice Sheldon delivered the opinion of the Court:

This was an action of ejectment. The controversy is one of heirship, arising as follows:

John McDeed and Marinda Hollenback were married in the State of Ohio on the 10th of October, 1824. About the year 1827, John McDeed left his wife in Ohio and came into

the State of Indiana, where he was afterwards married to Clarinda Wiley. McDeed and his wife Clarinda subsequently removed to DeWitt county, in this State, and he acquired the legal title to, and died in possession of the lands in controversy. His first wife, Marinda, was living at the time of his death.

This suit was instituted by John J. McDeed, the son of John McDeed by Marinda McDeed, against Clarinda McDeed and the other defendants, her children, who were in possession of the lands of which John McDeed died seized, claiming that he, the plaintiff, was the sole heir of John McDeed, and as such entitled to the whole of said lands.

The ground on which the defendants attempted to avoid the effect of the first marriage was, that John McDeed, at the time of the marriage, was under the age of 18, the age of consent in Ohio, and that at, or before his arrival at the age of 18, he disaffirmed the marriage by ceasing to cohabit with his wife, and that thereby, under the laws of the State of Ohio, he avoided the marriage.

A verdict and judgment were rendered for the defendants, and the plaintiff has appealed.

It is insisted on, as error, that the court permitted the depositions of Perkins and Bissell, lawyers of the State of Ohio, to be read in evidence to prove a statute of Ohio and a judicial decision under it.

It was undoubtedly error to allow the statute of a foreign State to be proved by parol. But the statute book of Ohio was also introduced in evidence, which obviated the error.

The common law of a foreign State may be proved by parol evidence. The usual course is to make such proof by the testimony of competent witnesses instructed in the law, under oath. As a general rule, "the decisions of courts of justice are the evidence of what is common law."

In *Kingsley* v. *Kingsley*, 20 Ill. 202-3, the following language was held by this court: "Courts have uniformly taken notice of the construction given to foreign statutes by the

foreign tribunals; and to enable them to do this, they have always been in the habit of looking to the reports of such tribunals. Whatever the court may take notice of, or may learn from reported decisions, it may also be informed of by the testimony of witnesses learned in the foreign law." The statement of Mr. Perkins, in his deposition, was to the effect, that, by the laws of Ohio in 1824, male persons of the age of eighteen, and females of the age of fourteen could be legally joined in marriage; that marriages between parties, either of whom was younger than above specified, were void, unless they cohabited after they arrived at the age of consent, and if they did so cohabit the marriage was legal from the beginning; that this became the law of Ohio by the holding of its courts judicially. We think no just exception can be taken to the admission of such testimony.

It is next insisted that the court erred in permitting the entry in the bible of the date of the birth of John McDeed, written by the witness Rosencrans, to be read in evidence.

The testimony of the witness was, that some time after the suit was commenced he copied the writing, at the request of Clarinda McDeed, from a leaf in the bible; that the original was somewhat worn and "blotched," but it could be distinctly read; the paper was wet and damaged some; that he did not know what had become of the original leaf. This was all the evidence there was in excuse of the non-production of the original. The absence of the leaf containing the original entry was not sufficiently accounted for to justify the admission of the secondary evidence of the copy.

Error is also assigned in the refusing and giving of instructions.

The 18th instruction asked by the plaintiff and refused by the court, was to the purport, that if John McDeed and Marinda Hollenback were respectively of the ages of fourteen and twelve at the time of their marriage, a decree of divorce was necessary to dissolve it. This was adopting the common law ages of discretion, and entirely discarding the

law of Ohio upon the subject. The law of that State must control as to the validity of the marriage.

There was evidence tending to show that John McDeed was under the age of eighteen at the time of the marriage, and that he never cohabited with Marinda Hollenback after his arrival at that age, and that under such circumstances the marriage was made void under the law of Ohio. In view of there being such testimony in the case, the instruction was properly refused.

The evidence also shows, that, under the law of Ohio, the prior issue of the marriage would be legitimate, notwithstanding such disaffirmance of it. But the suit is to recover the whole lands, and not an undivided interest in them.

The first instruction given for the defendants we regard as faulty in requiring the plaintiff to make out his case by a clear preponderance of evidence. These words were twice used in the instruction, and were calculated to mislead the jury as to the quantity of evidence necessary to justify a verdict for the plaintiff. They may have supposed the instruction to mean that the plaintiff must, beyond a reasonable doubt, prove his case by a preponderance of evidence, especially in connection with the next instruction given. We regard it as a case where a mere preponderance of evidence on the part of the plaintiff was sufficient, and a clear preponderance of evidence should not have been exacted.

The second instruction given for the defendants we regard as wholly wrong. It was unwarrantably laying down rules of criminal evidence in the trial of a civil suit. John McDeed was not on trial for the crime of bigamy, and the rules applicable to such a trial were entirely out of place. The burden of proof was incorrectly stated. It was incumbent on the defendants to show that the first marriage was legally avoided, and it was not for the plaintiff to show the reverse. In doubtful cases the presumption of innocence, where it obtains, is always sufficient to turn the scale in a defendant's favor. The presumption of innocence should not

have been thrown into the case, as it was by this instruction, to weigh against the plaintiff's evidence.

There is a tendency to abuse in the trial by jury, by bringing into a case extraneous matter not pertinent to the issue being tried, which is liable to wrongfully bias the determination of men not versed in the true principles of judicial inquiry. A court should always carefully abstain from lending countenance to such practice.

The judgment must be reversed and the cause remanded.

*Judgment reversed.*