## Clarence L. Crymble v. Emma J. Crymble.

1. MARRIAGE—*Cohabitation Not Always Evidence of.*—When the relations between parties are illicit in their origin, their course of life in passing in society as husband and wife, attending church and theatres together, addressing letters by him to her as his wife, taking out an accident policy payable to her as his wife, are to be regarded as induced by a desire to conceal the illicit relation.

Memorandum.—Separate maintenance. In the Circuit Court of Cook County; the Hon. OLIVER H. HORTON, Judge, presiding. Bill of separate

maintenance; answer and replication; hearing and decree for complainant; appeal by defendant. Heard in this court at the March term, 1893. Reversed. Bill dismissed. Opinion filed March 18, 1893.

### Statement of the Case.

This was a bill for a separate maintenance, brought in the Superior Court of Cook County, and transferred by consent of parties to the Circuit Court. The only issue seriously contested was that of marriage, which the defendant denied. The complainant claimed, bo·h in her pleadings and in her evidence, a formal marriage by a magistrate. The case was not tried on the theory of a common-law marriage.

Charles T. Farson, attorney for plaintiff in error.

Rich & Stone and Randall W. Burns, attorneys for defendant in error.

Opinion of the Court, Gary, P. J.

This is a bill filed by the defendant in error for a separate maintenance, alleging that she is the wife of the plaintiff in error, which allegation he denies.

They agree in stating that from early in April, 1888, to the latter part of August, 1890, they lived together as if they were husband and wife. He says, and she does not deny, that the association began in July, 1887. She tells a very improbable, and in some of its details, an impossible, tale, of a marriage celebrated between them, by a supposed justice of the peace, in the presence of two unknown witnesses and a colored porter in the drawing room of a sleeping car of which the appellant was conductor, about eleven o'clock in the night of April 10, 1888, and that when the train stopped about noon, she and her husband went to some hotel of which she don't know the name, in a place which he told her was Louisville.

He denies the tale, with all its incidents, even to the circumstance that she was ever with him on any car of which he was conductor, and supports his denial by such a mass of evidence, as to his own employment at the time alleged,

while she is without corroboration in the slightest degree, that the story of such a marriage must be rejected. She admits that she was married twice before, and it may be conceded that neither of those husbands is accounted for by death or divorce, but his answer does not set up any former husband as an impediment to his occupation of that position. He can not by evidence rely upon a defense not stated in his answer. Johnson v. Johnson, 114 Ill. 611; Chapman v. Chapman, 27 Ill. App. 487. Besides, the last account of either of those husbands was about five years before the alleged marriage now in question, so that if the parties to this suit were married, or married themselves to each other, the presumption of their innocence in so doing, would overcome the presumption that any other husband was in the way. This subject is largely discussed and many authorities cited in Johnson v. Johnson, 114 Ill. 611.

The case, then, stands in this position : that by testimony not denied, the relations between the parties were illicit in their origin; that no evidence in the case tends to prove that, in any way, upon any other occasion than the sleeping car marriage upon which she relies, did they contract a marriage with each other, and therefore their course of life in passing in society as husband and wife, attending church and theatre together, letters addressed by him to her as his wife and an accident policy taken out by him payable to " Emma J. Crymble, wife," are all to be regarded as induced by a desire to conceal an illicit relation. Cartwright v. McGown, 121 Ill. 388, and the great mass of authority there collected.

The defendant in error moved this court to strike out the certificate of evidence in the record. As this certificate was made under the mandate of this court in People v. Horton, 46 Ill. App. 434, in denying the motion it is enough to refer to what is there said.

The decree of the Circuit Court is erroneous in finding that the defendant in error " is the lawful wife " of the plaintiff in error, and awarding alimony and solicitor's fees, and it is therefore reversed and the bill of complaint of the defendant in error is here dismissed.