(*Circuit Court of Cook County. In Chancery.*)

## Charles H. Crawford, by his next friend

### vs.

## Hanna M. Crawford.

## Hanna M. Crawford

### vs.

## Charles H. Crawford.

(May 2, 1899.)

ANNULMENT OF MARRIAGE ON GROUND THAT ONE OF THE CONTRACT-
ING PARTIES IS UNDER THE AGE OF LEGAL CONSENT. In Illinois
the age of legal consent to marriage is seventeen years in males
and fourteen years in females. The complainant was married
to the defendant while he was under the age of seventeen years
and ceased to cohabit with her before he arrived at that age.
Upon a bill filed by him to annul such marriage it was held
that the marriage was voidable, and that inasmuch as com-
plainant had not cohabited with defendant after he arrived
at the age of consent, he was entitled to disaffirm the contract
of marriage and have the same annulled.

Bill for annulment of marriage. Cross bill for separate
maintenance. Circuit Court Gen. No. 178,361. Heard before
Judge Richard W. Clifford.

Statement of facts.

The bill alleged that the complainant was a minor under
the age of seventeen years. That on the 29th day of May,
1896, he was forced into a pretended marriage with one
Hanna M. Swanson under threats of arrest on a charge of
bastardy; that at the time of such pretended marriage he was
but sixteen years of age and that he did not cohabit with said
defendant after he arrived at the age of seventeen years. The
defendant filed a cross bill for separate maintenance and
proofs were taken upon the issues raised by such bill and cross
bill. The court found the issues in favor of the complainant
and entered the following decree:

"This cause having come on to be heard upon the bill of
complaint and amendments thereto, the answer of the de-

fendant thereto, and the replication of the complainant to such answer, the cross bill of defendant, and answer to such, and upon evidence heard in open court, and the court, having heard the arguments of counsel, and being now fully advised in the premises, and on consideration thereof, doth find:

"That all the material facts alleged in said bill of complaint and amendments thereto are true.

"The court further finds from the evidence that Charles H. Crawford, complainant in the above entitled cause, was a minor under the age of seventeen at the time of the pretended marriage with the defendant, Hanna M. Crawford, on the 29th day of May, 1896, and he never lived and cohabited with said Hanna M. Crawford after he, the complainant, reached the age of seventeen; that the said marriage was null and void and of no force and effect.

"It is, therefore, ordered, adjudged and decreed by the court that the said marriage between the complainant and defendant be, and the same is hereby declared to have been and to be null and void and of no force and effect, and that the complainant be released from the obligations of said pretended marriage, and be restored to all and singular the rights and privileges of an unmarried man.

"It is further ordered, adjudged and decreed by the court that the cross-bill filed in the above cause be, and the same is hereby dismissed for want of equity."

*Carey W. Rhodes,* solicitor for complainant. *Abraham Meyer,* of counsel.

*Burras & Wilcoxon,* and *Whitehead & Stoker,* solicitors for defendant and cross complainant.

CLIFFORD, J.:—

This is a case where the law is all one way and I am compelled to enter a decree for the complainant.

### NOTE.

In Illinois the age of legal consent to marriage is seventeen years in males and fourteen years in females. 2 Starr & Curtis Rev. Stat., p. 2687, title "Marriage." Where the plaintiff is under the age of legal consent at the time of marriage, such marriage may be

annulled upon the petition of the person under the age of consent. *Canale v. People*, 177 Ill. 219, 224; *McDeed v. McDeed*, 67 Ill. 545; *Shafher v. State*, 20 Ohio, 1, 3; *People v. Slack*, 15 Mich. 192, 198; *People v. Bennet*, 39 Mich. 208; *Eliot v. Eliot*, 77 Wis. 634, 640, 641; *Holtz v. Dick*, 42 Ohio St. 23, 29; *McDowell v. Sapp*, 39 Ohio St. 558; *Fitzpatrick v. Fitzpatrick*, 6 Nev. 63, 67; *Koonce v. Wallace*, 7 Jones (N. C.) 194; *Smith v. Smith*, 11 S. E. 496, 498; *Stivers v. Wise*, 46 N. Y. S. 9; Reeves, Domestic Relations, p. 200; Coke, Littleton, p. 79; Swinebourne, Spousals, pp. 34, 36; Tyler, Infancy and Coverture, p. 126. An infant incapable for want of age to enter into a valid contract of marriage is incapable also to estop himself by a fraudulent declaration of his age. *Eliot v. Eliot*, 81 Wis. 295. Alimony and solicitor's fees *pendente lite* will not be allowed in an action to annul a marriage. *Meo v. Meo*, 2 N. Y. S. 569; *Stivers v. Wise*, 46 N. Y. S. 9. Separate maintenance cannot be had where there is not a valid marriage. *Crymble v. Crymble*, 50 Ill. App. 544.

EVIDENCE AS TO AGE OF MINOR. The testimony of the mother is the best evidence on the question of age. *Herman v. State*, 73 Wis. 248. But an infant may testify as to his own age. *Comm. v. Phillips*, 162 Mass. 504; *Hill v. Eldridge*, 126 Mass. 234; *Commonwealth v. Stevenson*, 142 Mass. 468; *Reed v. State*, 29 S. W. 1074; *Watson v. Brewster*, 1 Pa. St. 383; *State v. McClain*, 31 Pac. 790; *Stevenson v. Kaiser*, 29 N. Y. S. 1122; *Hogan v. Aid Ass'n*, 26 N. Y. S. 1081; *Cheeves v. Corngdon*, 34 Mich. 296; *Morrison v. Emsley*, 53 Mich. 564.—Ed.