# John Nehring, Appellant, v. Frances L. Nehring, Appellee.

## Gen. No. 5505.

1. MARRIAGE—*by what laws validity determined.* The law of the state where a marriage takes place must control as to its validity, and if valid where celebrated it is valid in this state.

2. MARRIAGE—*when void.* If residents of this state, one of whom is under the inhibition to marry imposed by the divorce laws of this state, temporarily leave the state for the purpose of marrying, a marriage so contracted is absolutely void.

3. PRESUMPTIONS—*as to law of sister state.* In the absence of proof as to the statute laws of a sister state, they will be presumed to be the same as the *lex fori,* where there is no common law rule applicable.

4. COMITY—*when doctrine does not apply.* Courts will not under the guise of comity between states enforce or carry into effect or recognize a foreign contract which is void under the statutes of this state, where the statute is a declaration of public policy.

Divorce. Appeal from the Circuit Court of De Kalb county; the HON. MAZZINI SLUSSER, Judge, presiding. Heard in this court at the April term, 1911. Reversed and remanded with directions. Opinion filed October 13, 1911.

CHARLES I. McNETT and H. S. EARLY, for appellant.

CLIFFE & CLIFFE, for appellee.

MR. PRESIDING JUSTICE GEORGE W. THOMPSON delivered the opinion of the court.

Frances L. Nehring filed a bill in chancery in the Circuit Court of De Kalb county praying for a divorce and alimony from John Nehring. John Nehring answered the bill of complaint and filed a cross-bill praying that the marriage between the parties be declared null and void. By stipulation the original bill was dismissed and the cross-bill was to stand as an original bill. The facts alleged in the bill, in brief, are: Frances L. Kidd obtained a divorce on June 9, 1909, from Herbert F. Kidd, in the Circuit Court of De Kalb county, (see post 542) on the ground of extreme and repeated cruelty. On August 24, 1909, Frances L. Kidd and John Nehring, both residents of DeKalb county, Illinois, went to Madison, Wisconsin, for the purpose of being married, without any intention of remaining in Wisconsin; a marriage ceremony was performed between them on that day, and they returned to Illinois the next day, where they have since resided. It is alleged "that said pretended marriage was solemnized within one year from the time said divorce had been granted to Frances Nehring from her husband, Herbert F. Kidd, and said marriage was solemnized in violation of the laws of Illinois." Complainant states he did not know that Frances L. Kidd had been divorced from her former husband less than one year prior to August 24, 1909, and prays that the pretended marriage be declared null and void. The defendant filed a general demurrer to the bill, which was sustained, and a decree entered dismissing the bill for want of equity. John Nehring, the complainant, appeals from that decree.

Section 1a of Chapter 40, of the Statutes of Illinois—title Divorce—provides:

"That in every case in which a divorce has been granted for any of several causes contained in section 1 of this act, neither party shall marry again within one year from the time the decree was granted, provided when the cause for the divorce is adultery the per-

son decreed guilty of adultery shall not marry for a term of two years from the time the divorce was granted, provided, however, that nothing in this section shall prevent the persons divorced from re-marrying each other; and every person marrying contrary to the provisions of this section shall be punished by imprisonment in the penitentiary for not less than one year nor more than three years, and said marriage shall be held absolutely void.''

The only question in this case is whether the statute of Illinois, making a marriage of a divorced person absolutely void if celebrated within one year from the granting of a divorce, has any effect beyond the limits of the state of Illinois. The rule in this state is that the law of the state, where a marriage takes place, must control as to its validity, and if valid where celebrated it is valid in this state. McDeed v. McDeed, 67 Ill. 545; Lyon v. Lyon, 230 Ill. 366; Reifschneider v. Reifschneider, 241 Ill. 92. It is also the rule that a marriage, invalid where it is celebrated, is invalid everywhere. Canale v. People, 177 Ill. 219; Bishop on Marriage and Divorce, Sec. 390; Reifschneider v. Reifschneider, supra.

There is a difference in the effect of statutes relating to marriage, the provisions of which are directory although entailing a penalty for their violation, and provisions which declare a marriage to be a nullity. ''The general rule is, that unless the statute expressly declares a marriage contracted without the necessary consent of the parents, or other requirements of the statute, to be a nullity, such statutes will be construed to be directory, only, in this respect, so that the marriage will be held valid although the disobedience of the statute may entail penalties on the licensing or officiating authorities.'' Reifschneider v. Reifschneider, supra; Olsen v. People, 219 Ill. 40; Campbell v. Beck, 50 Ill. 171; 26 Cyc. 835.

The bill alleges that the marriage in Wisconsin ''was apparently in conformity with the laws of Wis-

consin.'' That is not an allegation that the marriage was valid by the laws of Wisconsin. The question arises, what are the presumptions as to the validity of the marriage of divorced persons in Wisconsin. There is no common law concerning divorce. The ecclesiastical courts had exclusive jurisdiction of causes relating to marriage and divorce. Marriages were annulled for certain reasons existing before marriage, but absolute divorce for misconduct after marriage was unknown in England, until such relief was permitted by the divorce act of 1857. Divorces were there granted *a mensa et thoro,* which were merely legal separations amounting to a partial dissolution of the marriage relation, but no authority existed in any of the judicial courts to grant a divorce as the term is understood in the United States. 9 Am. & Eng. Ency. of Law, 726; Bouvier's Law Dict., title Divorce. Divorce in the United States is purely a creation of the statute.

The bill of appellant alleges that appellee had been married to, and had on June 9, 1909, obtained a divorce from Herbert F. Kidd in Illinois, and that a marriage was celebrated between appellant and appellee on August 24, 1909, in Wisconsin. The bill does not allege what, if any, restriction the law of Wisconsin makes concerning the marriage of divorced parties. It is a general rule throughout the United States that in the absence of proof as to the statute laws of a sister state, they will be presumed to be the same as the *lex fori,* where there is no common law rule applicable. 13 Am. & Eng. Ency. of Law, 1060. There being no common law on the question of divorce the presumption is that the statute of Wisconsin concerning divorce is the same as the statute of Illinois. As a matter of fact the statute of Wisconsin is almost identical with that of Illinois on that subject, and the courts of that state have held marriages between a divorcee and another party within a year null and void where the parties

went to another state, as here, apparently to avoid the law. Statutes of Wis. (1905), chap. 456, sec. 1; Lanham v. Lanham, 136 Wis. 360, 17 L. R. A. (N. S.), 804. Chief Justice Winslow, in the opinion in that case, shows that there are two exceptions to the rule that a marriage valid where celebrated is valid everywhere, namely: "(1) Marriages which are deemed contrary to the law of nature, as generally recognized by Christian civilized states; and (2) Marriages which the law-making power of the forum has declared shall not be allowed, on grounds of public policy." "A state undoubtedly has the right to declare what marriages between its own citizens shall not be recognized as valid in its courts; and it has also the power to declare that marriages between its own citizens contrary to its established public policy shall have no validity in its courts, even though they may be celebrated in other states under whose laws they would ordinarily be valid. In this sense at least it has power to give extra territorial effect to its laws. The intention to give such effect must, however, be quite clear." The Illinois statute imposes the same restrictions against marrying within one year on both parties to a divorce suit. The only distinction the statute makes between an innocent and a guilty party is, that a party against whom a divorce is granted for the cause of adultery may not marry for two years. The innocent party who procures the divorce for any cause may not marry within a year thereafter. The Legislature recognized the fact, that while divorce is a necessary evil, yet no inducement should be held out to parties to encourage them to procure a divorce. Marriages should be permanent unions, so far as they can be made so, without causing evils which are more detrimental to the family welfare and public morals than the family troubles which are statutory grounds for divorce. "One of the frequent causes of marital disagreement and divorce actions is the desire on the part of one of the parties to marry another;

that if there be liberty to immediately remarry, an inducement is thus offered to those who have become tired of one union, not only to become faithless to their marriage vows, but to collusively procure the severance of that union under the forms of law for the purpose of experimenting with another partner, and, perhaps, yet another, thus accomplishing what may be called progressive polygamy, and, finally, that this means destruction of the home and debasement of public morals." Lanham v. Lanham, *supra.*

Even if the presumption that the Wisconsin statute was similar to ours did not obtain, to hold that parties could, by going to an adjoining state temporarily, render the prohibition of the statute nugatory, in these days of rapid and cheap transportation, when parties may go from any part of the state to an adjoining state and return in a few hours, is to render the act useless and the law-making power impotent. There is no limitation in express terms in the act as to where it shall have effect, and it would appear to be intended to control the conduct of residents of this state whether within or without the state. The act declares the public policy of this state regarding divorced parties resident within its bounds, that they shall not marry within one year, and if they do then such marriage shall be "absolutely void." Courts will not under the guise of comity between states enforce or carry into effect or recognize a foreign contract, which is void under the statutes of this state, where the statute is a declaration of public policy. N. Am. Ins. Co. v. Yates, 214 Ill. 272; Raisor v. C. & A. R. R. Co., 215 Ill. 47; Pope v. Hanke, 155 Ill. 617. The parties to this suit, being residents of Illinois at the time they went to Wisconsin, cannot by going temporarily without the state long enough to have a marriage ceremony performed, avoid the effect of the prohibition of the statute of Illinois against marrying within a year, and the express provision that such marriages are "absolutely void."

The courts must enforce the terms of the statute and decree such marriages to be void *ab initio*. Roth v. Roth, 104 Ill. 35; Reifschneider v. Reifschneider, *supra;* Lanham v. Lanham, *supra;* State of Tennessee v. Pennegar, 87 Tenn. 244, 2 L. R. A., 704; State of Georgia v. Tutty, 41 Fed. R. 753, 7 L. R. A. 50; McLennan v. McLennan, 31 Ore. 480, 38 L. R. A. 863; State of Washington v. Fenn, 47 Wash. 561, 17 L. R. A. (N. S.) 800; In Re Stulls Estate, 39 L. R. A. 539; Johnson v. Johnson, 106 Pac. R. 500 (Wash.); Note to Hills v. State, 57 L. R. A. 155; Brook v. Brook, 9 H. L. Cases, 193; Middleton v. Janverin, 2 Hagg. Const. (Eng.) 437; Lacon v. Higgins, 3 Starkie 178; Mitchell v. Mitchell, 117 N. Y. S. 671; United States, ex rel. Devine v. Rodgers, 109 Fed. R. 886; State v. Brown, 47 Ohio St. 102.

The decree is reversed and the cause remanded with directions to the trial court to overrule the demurrer.

*Reversed and remanded with directions.*