## Anna May Reid Snell, Appellant, v. Charles W. Snell, Appellee.

### Gen. No. 20,300.

1. DIVORCE, § 172*—*when persons may not remarry.* Under the statute an attempted marriage less than two months after the divorce of the husband from another woman is void.

2. MARRIAGE, § 29*—*what allegations are material in seeking annulment.* In a bill to annul a marriage and set aside a divorce, the fact that the complainant did not know of the defendant's prior marriage or divorce within the time prohibited by statute for remarrying is immaterial to her right to relief and need not be alleged.

3. DIVORCE, § 58*—*when decree void.* Where a marriage is void, a divorce thereafter granted based on the void marriage is void.

4. MARRIAGE, § 29*—*what contention cannot be maintained in seeking annulment.* In a bill to annul a marriage and set aside a divorce, the contention that the complainant does not come into court with clean hands cannot be made the basis of a legal defense where the State is an interested party.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Appeal from the Circuit Court of Cook county; the Hon. Jesse A. Baldwin, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1914. Reversed and remanded with directions. Opinion filed January 26, 1915.

H. A. Barnhardt, for appellant.

No appearance for appellee.

Mr. Justice Smith delivered the opinion of the court.

It appears from the averments of the bill of complaint filed by appellant December 2, 1913, that on June 18, 1907, at Chicago, the defendant to the bill, appellee, was granted a decree of divorce from his then wife, Nettie Snell, on the ground of desertion, and in less than two months thereafter, on August 14, 1907, he married the complainant, Anna May Reid Snell, at Crown Point, Indiana. It further appears that complainant did not know of the former marriage and divorce of defendant at the time of the ceremony at Crown Point, and that on November 4, 1913, the complainant was granted a divorce from the defendant on the ground of adultery; that complainant did not know on November 4, 1913, nor until sometime thereafter that her marriage to the defendant was void and that she never was the legal wife of the defendant.

The bill prays for setting aside the divorce and to annul the marriage. The defendant, appellee here, interposed a demurrer to the bill, setting up as grounds the prior divorce of complainant; that complainant does not come into court with clean hands because she does not allege that she did not know of the former marriage and divorce of defendant at the time of procuring her divorce and that complainant should not be heard to allege that she did not know her marriage to the defendant was void.

The chancellor sustained the demurrer and dismissed the bill for want of equity.

The attempted marriage between the complainant and the defendant, as shown by complainant's bill, was not voidable but was absolutely void under the statutes of Illinois. *Nehring v. Nehring,* 164 Ill. App. 527; *Szlauzis v. Szlauzis,* 255 Ill. 314; *Wilson v. Cook,* 256 Ill. 460; *Olsen v. People,* 219 Ill. 40.

Whether the complainant knew or did not know of the defendant's prior marriage or divorce within the time prohibited by statute for remarrying is immaterial to her right to relief, and it is, therefore, unnecessary to allege that she knew or did not know of the defendant's prior marriage and divorce. The complainant does not allege that she did not know that she was never the legal wife of the defendant until after the decree of divorce was granted; that she had ground for the annulment of her supposed marriage to the defendant. If the marriage was void and the averment of the bill was that it was void, the divorce thereafter granted based upon the void marriage was likewise void, futile and of no effect. The complainant in this case has the right to have, under the allegations of her bill, the marriage declared void and of no effect, and thus her marital rights and condition established by the decree.

The ground stated in the demurrer, that the complainant does not come into court with clean hands, cannot be made the basis of a legal defense to the bill where the State is an interested party, as in this case. In *Szlauzis v. Szlausis, supra,* the court held that parties to an illegal agreement were *in pari delicto* and without remedy against each other so far as property rights are concerned, and the law will refuse to lend its aid to either of them, and on page 319 of the opinion held as follows:

"If, as a consequence of his illegal act, defendant in error has suffered a wrong, he cannot look to the law for redress. Public policy will not permit him to make his own illegal act the foundation of a legal or equitable right. The rule of *par delictum* will not be applied,

however, to prevent relief in a suit to annul and set aside a void marriage. That is a matter in which the State is an interested party. Under the facts as found by the court the marriage should be set aside as void, but the parties are entitled to no other or further relief.''

The chancellor erred in sustaining the demurrer to the bill and dismissing the bill for want of equity. The decree is reversed and the cause remanded with directions to overrule the demurrer and proceed in the case in conformity with the views herein expressed.

*Reversed and remanded with directions.*