## Mary Powell, Appellee, v. Edward A. Powell, Appellant.

## Gen. No. 23,030.

1. MARRIAGE, § 2*—*what law governs validity.* Where a marriage is performed in the State of Illinois and its validity is there challenged, the laws of such State must govern the marital status of the parties.

2. DIVORCE, § 172*—*when marriage in State within one year of party divorced in foreign State is valid.* Under Rev. St. ch. 40, sec. 1a (J. & A. ¶ 4216), providing that in every case in which a divorce has been granted for any of the several causes mentioned in section 1 of the Act (J. & A. ¶ 4215), neither party shall marry again within one year, and section 2 of the Uniform Evasion Act [Cal. Ill. St. Supp. 1916, ¶ 7363(2)], providing that no marriage shall be contracted in this State by a party residing and intending to continue and reside in another State, if such marriage would be void if contracted in such other State, and every such marriage in this State shall be void, a marriage within one year of divorce of the husband, between residents of the State of Indiana, in Illinois who did not intend to return to Indiana, but did intend to go and did go to Washington and finally returned to Illinois, is valid where the Indiana divorce was based upon "cruel and inhuman treatment," a cause not contained in section 1, and the marriage was valid within the Indiana statute, because the parties intended to become and did become residents of another State.

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Powell v. Powell, 207 Ill. App. 292.

Appeal from the Circuit Court of Cook county; the Hon. CHARLES M. THOMSON, Judge, presiding. Heard in this court at the March term, 1917. Affirmed. Opinion filed October 2, 1917. Rehearing denied October 15, 1917.

HOMER K. GALPIN and SAMUEL G. HAMBLEN, for appellant.

JOHN E. CRAHEN and POLLOCK, RAINEY & LIVINGSTON, for appellee; ALFRED T. JOHNSON, of counsel.

MR. PRESIDING JUSTICE HOLDOM delivered the opinion of the court.

This is an appeal from a decree granting separate maintenance on the wife's bill. There is but one question pertinent to our decision, and that is whether the parties are husband and wife. This element of the case was injected by the cross-bill of defendant, which the chancellor dismissed. If the parties are husband and wife—and we are of the opinion that they are—then the decree is right.

In his cross-bill defendant admits the marriage between them alleged in complainant's bill for separate maintenance to have taken place at Danville, Illinois, August 20, 1911, but avers that in the preceding month of June his then wife divorced him on a charge of cruelty under a decree entered in the Superior Court of Marion county, Indiana; that his marriage in Illinois to complainant was in violation of the laws of this State and that as a consequence thereof such marriage was and is null and void.

Complainant answered the cross-bill denying that her marriage to defendant was violative of the laws of Illinois, denying that from March, 1911 to July, 1912, defendant was a resident of Indiana, and averring that during that time defendant was a resident of Seattle in the State of Washington.

While certain sections of the Indiana statutes were

received in evidence, we are unable to discover that they have any bearing upon the question of the validity of the marriage which defendant insists is void. The marriage was celebrated in this' State and its validity is challenged in a court of this State; therefore the laws of this State must govern the marital status of the parties.

At the time of the Indiana divorce both parties to that cause were residents of that State. Immediately after the Danville marriage of defendant and complainant they went to and resided in Seattle, and neither defendant nor complainant went to Indiana or had any intention of so doing; so that the Indiana statute providing that where a resident of that State goes, with intent to evade the effect of that statute, to another State and there has the marriage ceremony performed, with the intent of afterwards returning to Indiana and does so return, such marriage shall be void, clearly has no application, for the dual reason that defendant did not return to that State after the divorce, but did after the marriage go to Seattle, the place of his wife's residence, subsequently removing with his wife to this State, being within the jurisdiction of the Circuit Court at the time the decree before us for review was entered. Under the letter of the Indiana statute, Harris & Burns Ed., sec. 8367, there is an exception to its general tenor in these words: "This section shall not apply to persons who, in good faith, become or are citizens of another State." The parties were married in Illinois and thereafter became citizens of the State of Washington, subsequently returning to this State, and became and were at the time this suit was instituted citizens of this State.

It is the law in this State that the validity of a marriage is determined by the laws of the place where the marriage ceremony was celebrated. It therefore follows that the validity of the marriage of the parties

to this cause is controlled by the laws of this State and the interpretation of such laws by the courts of this State. *McDeed v. McDeed,* 67 Ill. 545; *Canale v. People,* 177 Ill. 219; *Lyon v. Lyon,* 230 Ill. 366; *Reifschneider v. Reifschneider,* 241 Ill. 92; *Nehring v. Nehring,* 164 Ill. App. 527.

Sec. 1a, ch. 40, Rev. St. of this State (J. & A. ¶ 4216), title "Divorce," provides that:

"In every case in which a divorce has been granted for any of the several causes contained in section 1 of said act, neither party shall marry again within one year from the time the decree was granted: * * * and every person marrying contrary to the provisions of this section shall be punished by imprisonment in the penitentiary for not less than one year and not more than three years, and said marriage shall be held absolutely void."

In section 1 of the Act (J. & A. ¶ 4215) *supra,* "cruel and inhuman treatment" is not made a ground for divorce, but "extreme and repeated cruelty" is. The Indiana divorce was procured on the ground of "cruel and inhuman treatment," and the charge in the pleading under which the decree was entered being "that during the period of their married life the plaintiff was guilty of cruel and inhuman treatment of cross complainant in this, to wit:" and then states that for eight years defendant had repeatedly associated with other women and had been unfaithful to his marriage vows, against the protest of the cross complainant. Adultery was not charged, but unfaithfulness to his marriage vows was averred, consisting in defendant's frequently receiving letters and telephone messages from other women, and that he had taken women with him on trips when his business called him away from home; that he refused to heed his wife's protests and that his conduct resulted in causing her great humiliation and mental and physical suffering and distress. The only findings in the Indiana decree are that the

court "finds for the defendant on her cross-complaint and that the allegations set forth in same are true, that she is entitled to a decree of divorce from the defendant herein, and that the plaintiff pay the costs of this action laid out and expended. It is therefore considered and adjudged by the court that the defendant be and she is hereby granted an absolute divorce from the plaintiff herein."

From the foregoing it is clear that there is neither charge nor finding of adultery, and that neither is there a finding of any physical act of violence which is necessary to constitute cruelty under the Illinois statute. The conclusion, therefore, is irresistible that the Indiana divorce was not granted "for any of the several causes contained in section 1" of the Illinois Act, *supra,* which prohibits remarriage within one year from the granting of a decree. In this condition of the record the decisions of the Supreme Court cited construing the statutory provision prohibiting marriage within a year are not applicable.

The facts in the record in this case are not within the purview of the Illinois statute, *supra.* The act known as the "Uniform Marriage Evasion Act," in force July 1, 1915, being operative subsequent to the date of the marriage in dispute, is of no controlling force except, it is argued, the divorce statute and the Uniform Evasion Act are *in pari materia* and therefore should be construed together. On the facts in this record, the latter act is of no consequence because, as appears from what we have already said, the parties are not within the provisions of section 1, ch. 40, *supra;* but if it were invokable it would seem to us that the Evasion Act was passed to make clear that which was by the Divorce Act doubtful, and in this regard we think that the provisions of the two acts, *supra,* should be read and construed together when facts in dispute are brought within either the letter or the spirit of their provisions.

Section 2 of the Evasion Act [Cal. Ill. St. Supp. 1916, ¶ 7363(2)] provides that:

"No marriage shall be contracted in this State by a party residing and intending to continue to reside in another State or jurisdiction if such marriage would be void if contracted in such other State or jurisdiction, and every marriage celebrated in this State in violation of this provision shall be null and void."

The other State or jurisdiction in which the parties intended to and did in fact reside was not Indiana but Washington, which was at the time immediately preceding the Danville marriage the residence of defendant; so that even were this section of the statute invokable in this case the facts in the record do not bring the case within this provision of the act; therefore neither the Indiana statute nor the provisions of the Divorce or Evasion Acts of Illinois presents any obstacle to the marriage which was celebrated in Illinois between the parties to this suit.

Counsel for defendant say in their brief that: "The courts of review in Illinois have not passed on a state of facts analogous to those in the instant case—that is, where the divorce was granted outside of Illinois and the marriage ceremony sought to be declared void was performed in Illinois." This is our understanding of the condition of the decisions of our courts, and therefore the decision arrived at in the solution of the facts in the instant case becomes one of first impression. We think they are soluble in favor of complainant for the reasons herein recited, and, believing that the decree of the Circuit Court is without error, it is affirmed.

*Affirmed.*