Battle, J.
 

 The defendant was indicted as a “ free person of color,” for carrying about his person a shot-gun, contrary to 66th section of the 107th chapter of the Revised Code. The 79th section of the same chapter declares, “ That all free persons descended from negro ancestors to the fourth generation inclusive, though one ancestor of each generation may have been a white person, shall be deemed free negroes and persons of mixed blood.” The defendant was convicted and moved for a new trial upon two grounds :
 
 First.
 
 Because there was no evidence that he was a free negro.
 
 Secondly.
 
 Because the Judge erred in his instructions to the jury upon
 
 *14
 
 the meaning of the statute which prescribes who shall be considered such a person.
 

 The counsel for the defendant insists upon both grounds in his argument before us, but relies mainly on the last.
 

 1st. We think there was testimony sufficient to be left to the jury, tending to prove that the defendant was a free negro. The evidence introduced to show the color of his father —the kind of hair which he and his father both had, was competent, and that, together with his confessions, and his own color, which his own counsel called upon the jury to inspect, was sufficient for the consideration of the jury upon the question submitted to them. Upon its weight and its sufficiency to establish the fact of his being a free negro, it was for them alone to decide.
 

 2d. The main objection to the charge of the Judge is that he, instead of following the rule laid down by the 79th section of the statute, to determine who should be regarded as a free negro within the meaning of the 66th section, misled the jury by making the quantity of the negro blood the test by which to ascertain the fact. Taking the charge altogether, we think that it is not obnoxious to censure, and that it lays down the rule correctly according to the statute. By that, as we understand it, no person can cease to be a free negro, unless he has reached the fifth generation from his African ancestor, with a white father or mother in each of the first, second, or third and fourth generations. In that case a simple arithmetical calculation will show that he will not have a sixteenth part of African blood in his veins.
 

 That part of his charge which speaks of the marriage of persons belonging to two families, both of which have a mixture of white and negro blood, was intended solely to guard the jury against being misled by any other rule than that to which we have already adverted, to wit, that there must be a white father or mother in each generation from the African ancestor down to the fifth, to exclude the descendant from the operation of the statute. "With a view to that rule, the Judge was right, for it is a mathematical truth, in saying that tire
 
 *15
 
 person in the fourth generation
 
 would neceséarity
 
 have a sixteenth part of negro blood in him.
 

 The motion for a new trial being denied him, the defendant, through his counsel, moves here in arrest of the judgment, because he is charged, in the indictment, as “ a free person of color,” whereas the section' of the act, under which he is indicted, makes it penal for any “ free negro” to carry arms about his person. The counsel contends that, although the terms “ free negro” and “ free person of color” are often nsed in the 107th chapter of the Revised Code, as synonymous, yet it is not always the case, and that therefore the indictment, upon the section in question, cannot be sustained in substituting the latter description of the person for the former.
 

 There can be no doubt that the two terms are sometimes used in the act to which the counsel refers, as synonj^mons ; as, for instance in the 11th and 13th sections, which prohibit free negroes from working in certain swamps without a certificate ; and we also think, with the counsel, that there is at least one instance, (and one is sufficient for his purpose,) in which the terms cannot be so regarded. The 41th section declares that
 
 “
 
 any slave or free negro, or free person of color convicted by due course of law, of an assault with intent to commit a rape upon the body of a white female, shall suffer death.” Here, three classes of persons seem to be included, to wit, slaves, free negroes, and free persons of color. The last section of the act to which we referred in giving our opinion upon the motion for a new trial, defines who shall be deemed free negroes and persons of mixed blood, but does not declare who shall be embraced under the term “ free persons of color.” The amendment to the constitution of the State, Art. 1, secipS, ch. 3, to which the counsel for the State has referred us,' does not remove the difficulty, because the terms there used are “free negro, free mulatto, or free person of mixed blood,” with a similar definition to that given in the section of the act above specified. Free persons of color may be, then, for all we can see, persons colored by Indian blood, or persons descended from negro ancestors beyond the fourth
 
 *16
 
 degree. The indictment then, in the present case, may embrace a person who is not a free negro within the meaning of. the act, and for that reason, it cannot be sustained.
 

 Pee CueiaM, Judgment arrested.