STATE v. SAM MILLER AND JOSEPHINE SHOOK.

(Filed 12 April, 1944.)

**1. Marriage § 2b—**

> All marriages between a white person and a person of Negro descent to the third generation, inclusive, shall be void. N. C. Const., Art. XIV, sec. 8; G. S., 51-3. Therefore, every person who has one-eighth Negro blood in his veins is within the prohibited degree set out in our Constitution and statute.

**2. Same—**

> While the Legislature has prescribed no exclusive mode or manner in which the percentage of Negro blood may be ascertained, evidence competent to show Negro blood includes—the kind of hair, color of skin, opinion and expert testimony. The evidence in this case *held* sufficient to be submitted to the jury.

APPEAL by defendant Sam Miller from *Rousseau, J.,* at July Term, 1943, of CATAWBA.

Criminal prosecution upon a warrant charging defendants with fornication and adultery.

The evidence tends to show that Sam Miller is of Negro blood, that he and Josephine Shook, a woman of white blood, entered into a purported marriage and cohabited as man and wife in Catawba County, North Carolina.

There was a verdict of guilty as to the defendant Sam Miller. From judgment imposing prison sentence, which was suspended upon certain conditions, defendant Miller appeals.

*Attorney-General McMullan and Assistant Attorneys-General Patton and Rhodes for the State.*

*W. H. Childs for defendant.*

DENNY, J. Prior to the argument of this case, it was agreed by counsel for the appellant and the Attorney-General for the State that on this appeal the Court should consider the following question only, to wit: Was the evidence sufficient to take the case to the jury on the question as to whether or not Sam Miller is of Negro blood, within the prohibited degree as provided in the Constitution of North Carolina, Art. XIV, sec. 8, and the statute passed pursuant thereto, G. S., 51-3; C. S., 2495?

It was admitted at the outset of the trial below by counsel representing the defendants, that defendants entered into a marriage in South Carolina and returned to Catawba County, North Carolina, where they lived together and did bed and cohabit with one another as man and wife; and

it was further admitted that if the defendant Sam Miller is of Negro blood within the prohibited degree, that said marriage is null and void.

The section of the Constitution and the statute referred to above, provide in substance, that all marriages between a white person and a Negro or between a white person and a person of Negro descent to the third generation, inclusive, shall be void. Therefore, every person who has one-eighth Negro blood in his veins is within the prohibited degree within the meaning of the Constitution and the statute. *Ferrall v. Ferrall,* 153 N. C., 174, 69 S. E., 60, and the cases there cited.

There is some evidence tending to show that Henry Hewitt, a Negro, was the father of the defendant Sam Miller. There is also evidence tending to show that the defendant Sam Miller is a Negro within the prohibited degree, and the jury by its verdict so found.

Our Legislature has not prescribed an exclusive mode or manner in which, in cases of this character, the percentage of Negro blood must be ascertained. *S. v. Watters,* 25 N. C., 455. However, this Court has approved various ways to ascertain the extent to which white and Negro blood are commingled in a person.

In the case of *S. v. Chavers,* 50 N. C., 11, the defendant was indicted as a "free person of color" for carrying about his person a shotgun, contrary to law, and the statute defining free persons descended from Negroes, read as follows: "That all free persons descended from Negro ancestors to the fourth generation inclusive, though one ancestor of each generation may have been a white person, shall be deemed free Negroes and persons of mixed blood." Upon the sufficiency of the evidence to establish the fact that defendant was a free Negro, the Court said: "We think there was testimony sufficient to be left to the jury, tending to prove that the defendant was a free Negro. The evidence introduced to show the color of his father—the kind of hair which he and his father both had, was competent, and that, together with his confessions, and his own color, which his own counsel called upon the jury to inspect, was sufficient for the consideration of the jury upon the question submitted to them. Upon its weight and its sufficiency to establish the fact of his being a free Negro, it was for them alone to decide."

Another method was approved in *Hare v. Board of Education,* 113 N. C., 9, 18 S. E., 55, where the Court said: "While in doubtful cases only an expert would be qualified to testify from the appearance of a person as to the extent to which white and Negro blood are commingled in his veins, it does not require any peculiar scientific knowledge 'to be able to detect the presence of African blood by the color and other physical qualities of the person.' *Hopkins v. Bowers,* 111 N. C., 175; *S. v. Jacobs,* 6 Jones, 284," *S. v. Patrick,* 51 N. C., 308.

While in the case of *Ferrall v. Ferrall, supra,* where there was no question of admixture of white and Negro blood, save and except as to the one ancestor, the Court said: "Where all other persons whose race and blood affected the question were white, in order to bring a marriage within the prohibited degree, one of the ancestors of the generation stated must have been of pure Negro blood."

In the instant case there is expert testimony of Dr. Fred Long, who was the attending physician when the defendant Sam Miller was born. Dr. Long testified substantially as follows: He had known the defendant all his life, that when the defendant was born he had certain definite physical characteristics of the colored race. That in his opinion he was of mixed blood. His mother is of the whole white blood. "I knew these Negroes and I did not consider his grandmother a full Negro. . . . I think he is . . . about 3/8 Negro; I think his people on the other side had some white blood in them."

There was evidence by many witnesses for the State to the effect that the reputation of the defendant Sam Miller in the community in which he lives is that he is of the colored race. This evidence was competent. 20 Am. Jur., Evidence, sec. 475, p. 416. *Medlin v. Board of Education,* 167 N. C., 239, 83 S. E., 483; *S. v. Patrick, supra;* and *S. v. Chavers, supra.*

We think the evidence offered by the State is sufficient to sustain the verdict of the jury, and we so hold.

In the trial below, there is

No error.